Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JAMES P. SCOVILLE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* TOLHURST MACHINE WORKS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

Workmen's Compensation Law — blister caused by use of tool, followed by blood poisoning — award for partial loss of hand affirmed.

Appeal from an award made by the State Industrial Commission for thirty-three and one-third per cent of loss of a hand. It appeared that the claimant, who was engaged in making wire brushes, was required to use pliers which were kept under constant pressure with a result that a blister formed on the palm of his hand which finally broke and was followed by blood poisoning which, it was claimed, was contracted by reason of the wound. On all the evidence, *held*, that although the blister in

itself may not have justified an award, the same was properly made by reason of the resulting blood poisoning contracted in the course of employment.

WOODWARD and H. T. KELLOGG, JJ., dissent, with opinion.

APPEAL by the defendants, Tolhurst Machine Works and another, from a decision and award of the State Industrial Commission, made on the 2d day of March, 1920, and entered in the office of said Commission on the 11th day of March, 1920, rescinding and modifying certain decisions and awards heretofore made, and granting a modified award in favor of the claimant.

*J. Arthur Hilton,* for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

The employer was engaged in the business of machinery and woodworking at Troy, N. Y., and had been so engaged for several years prior to September 14, 1917. The claimant had worked for this concern for four or five years before that date; among the commodities manufactured was some kind of metal brushes requiring the combination of strands of wire closely knit or wound together so as to require drawing with pinchers held in the hand. The work with the hands, when and while so engaged was strenuous; constant pressure with the hand upon the prongs or handles of the pinchers or nippers was necessary to hold the grasp upon the wire. While so engaged, on the 14th day of September, 1917, the claimant produced a blister on the palm of his right hand; he continued to work until the blister broke and blood came or a crack in the flesh under the skin was seen by his fellow-workman. Almost immediately it commenced to smart, pain and swell, the swelling extending to and involving the back of the hand. Some way in connection with the work, dye was present and by that or something from some other source then and there present infection entered the hand through this cut or broken skin. Claimant painted his hand with iodine; it continued to swell and grow worse, and the following day or the second day

thereafter he went to a doctor who pronounced it a "palmar abscess," and who testified upon the hearing: "There must be some point of infection; there must be some cut, scratch or break in the skin to cause infection." There was some confusion in claimant's testimony as to whether the skin broke while he was at the works; but was later cleared up so that the Commission found it as a question of fact. The condition of claimant's hand portended serious results; and the result was serious. Appellant contends that this was not an accident; that it was vocational and naturally flowed from the nature of the employment; that nothing unusual occurred; that the blister was the usual sequence of continued pressure of the hand upon the nippers he was required to use to perform his task within his employment; that such result was to be anticipated; that experience and observation during the years he worked at this employment apprised claimant that what happened to him was the usual rather than the unusual. So far as the blister is concerned that may be admitted, and there can be no quarrel with the definition of "accident" as promulgated in *Mutual Accident Association* v. *Barry* (131 U. S. 100). It is so understood. *Matter of Woodruff* v. *Howes Construction Co.* (228 N. Y. 276) does not disturb the rule upon which the finding is made in this case. There a frog felon developed in the palm of the hand from constant pressure or striking of the hand against the handle of a screw driver; no question of infection and resultant blood poisoning there, as here. The evidence is weak in one essential, viz., as to the kind of germ present in the surroundings where claimant was working. I mean as to whether there were conditions there so that infection might happen. In the attending physician's report he says the symptoms from which he was then suffering were due entirely to this injury, and later swears that the condition of the hand was due to infection; this with the evidence of claimant as to first appearances, condition of hand and surroundings, it seems to me takes it by *Matter of Eldridge* v. *Endicott, Johnson & Co.* (228 N. Y. 21) and makes applicable the holding in *Lewis* v. *Ocean Accident & Guarantee Corp.* (224 id. 18), and *Horrigan* v. *Post-Standard Co.* (Id. 620). Considerable evidence was taken; different awards were made and rescinded. The percentage of loss of hand shown by the evidence upon

which the award appealed from is based ranges from twenty to fifty per cent; the award is for thirty-three and one-third per cent of loss of use of hand, and is about right.

The award should be affirmed.

All concur, except WOODWARD, J., dissenting, with an opinion, in which H. T. KELLOGG, J., concurs.

WOODWARD, J. (dissenting):

The claimant, James P. Scoville, was employed by the Tolhurst Machine Works, and on the 14th of September, 1917, he was using a pair of pliers to draw wire. The particular operation required him to grasp the wire with the pliers and bear down upon the handles in order to pull the wire to its desired position. This operation was constantly repeated and was the ordinary and customary method used in the work. It appears from the evidence that the claimant in the course of this work developed a blister; that after discovering the soreness he continued to work. Subsequently the blister appears to have broken, though whether this occurred during the progress of the work does not appear, and an infection set in resulting in a partial loss of the use of the hand. Upon the original hearing the Commission denied an award, the claimant having testified that he could not say whether the blister was broken or not; that he could not say whether it was punctured or not. Subsequently the claimant wrote to the Commissioner and claimed that he misunderstood the question; that he understood the question to be whether he (the claimant) had purposely punctured the blister, and upon this representation a further hearing was held in which the claimant radically changed his attitude; but we do not find that there was anything in the nature of an accident, or that the blister broke during the employment.

The Court of Appeals, in the very recent case of *Matter of Woodruff* v. *Howes Construction Co.* (228 N. Y. 276, 278) has declared that " an accidental event takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected," and that was a case in which a carpenter was supposed to have injured his hand by the

customary and ordinary use of a screw driver, producing an irritation giving rise to a felon, much as in the case here under consideration. It is true that the court did not dismiss the claim, but sent it back for the further consideration of the Commission. It did, however, hold that the mere showing that the claimant had, in the ordinary use of a screw driver, irritated his fingers and that a felon had followed, did not operate to show that the injury was the result of an accident; and we are unable to discover anything in the present case which partakes of the nature of an accident.

Injury and personal injury " mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom " (Workmen's Compensation Law, § 3, subd. 7, as amd. by Laws of 1917, chap. 705), and until it is shown that there has been an accident, something which is apart from the natural and inevitable results of the proper performance of the duties of the employment, there is no foundation for the application of the statute. The fact that an infection results from the breaking of a blister produced in the orderly and ordinary work of the employee, such blister not being shown to have broken because of any accident in the course of the employment, cannot of itself give rise to an accidental injury; and the fact that the claimant had to come back to meet the adverse decision with a changed claim does not justify a forced construction to bring his case within the law. If an accident occurs and an injury results the employee is entitled to compensation for the injury growing out of such accident, including " such disease or infection as may naturally and unavoidably result therefrom," but the primary purpose of the statute is to deal with the accidents peculiar to the hazardous occupations, and the happening of an accident is necessary to bring the statute into operation in any individual case. No accident is shown to have occurred, and the award cannot be sustained on this record.

The award appealed from should be reversed, and the claim dismissed.

H. T. Kellogg, J., concurs.

Award affirmed.