■ In the Matter of the Claim of ANNA CUVELIER, Respondent, against FAIRBANKS & WALVOORD et al., Appellants. WORKMEN'S COMPENSATION BOARD,

Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits in a heart case. Appellants dispute the finding of accidental causation. Decedent was employed as an oil burner serviceman and mechanic. On the day of his death he was engaged in joining lengths of copper pipes which had previously been strung on the ceiling in the basement of a house under construction. There was proof that this work was more arduous than decedent's usual work as a serviceman and mechanic, which was usually performed at floor level. Decedent was a short man and the work required him to stand on a low scaffold or stepladder, fitting the pipe lengths overhead and then soldering the joints with a soldering torch. There was testimony that the work "was definitely heavier work than servicing oil burners"; that the work overhead "entails quite a lot of reaching"; that the fittings "can be stubborn" and require "quite a lot of persuasion to get them together", the use of a hammer sometimes being necessary; and that decedent was observed to have "exerted considerable strength on occasions in doing this work". About mid-morning, while decedent was joining pipes, working overhead by holding the soldering torch in one hand and holding the pipes in place with the other, he complained of a sudden chest pain. He continued at work, however, and later, on at least one occasion, again complained of pain. In the afternoon, about 10 minutes after he had last been observed at work, he was found unconscious on the floor and died before the arrival of a physician. Upon autopsy, the cause of death was found to be coronary insufficiency secondary to coronary sclerosis and stenosis. There was no evidence of a coronary thrombosis. There was medical evidence that the work precipitated decedent's coronary pain and his death. Appellants' medical expert, after denying causation, conceded on cross-examination that the work effort could have induced the pain and been a factor in causing coronary insufficiency. Claimant's expert admitted that if there had been strain other than the work effort, such as paroxysms of coughing, it might have caused death, but reiterated his opinion that in this case the exertion of the work was the precipitating factor and denied that death resulted from the natural progression of the pre-existing disease. The record supports the conclusion that the work was "sufficiently strenuous to require more than normal exertion" and clearly entailed "greater exertion than the ordinary wear and tear of life" (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326; *Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34). The award is sustainable on the additional ground that decedent's "continuance of work involving physical exertion after he suffered an attack in the course of employment is a sufficient identification of the event in time and circumstance, to constitute an accident where it is followed soon after by a serious coronary condition and both are associated by medical opinion." (*Matter of Carlin* v. *Colgate Aircraft Corp.,* 276 App. Div. 881, affd. 301 N. Y. 754; see, also, *Matter of Katz* v. *Leggett & Co.,* 282 App. Div. 753, motion for leave to appeal denied 306 N. Y. 980; *Matter of Rapisardi* v. *Rialto Shoe Co.,* 282 App. Div. 972, motion for leave to appeal denied 306 N. Y. 984.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.