In the Matter of the Claim of Edward J. Walters, Respondent, against U. S. Vitamin Corporation et al., Appellants, and Baxter Laboratories et al., Respondents, and Special Funds Conservation Committee, Respondent.

Third Department, July 27, 1960.

*Bliss & Bouck* (*F. Walter Bliss* of counsel), for appellants.

*Finn, Rebecchi, Winnie & Matis* for claimant-respondent.

*Jacques Smit* for Baxter Laboratories and another, respondents.

*J. M. Cullen* for Special Funds Conservation Committee, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, P. J.   Claimant, who is diabetic, sustained an injury to his right foot in August, 1954 while employed as a medical service representative by respondent Baxter Laboratories, Inc., which is engaged in the drug business.   The second toe of this foot became infected; he was given hospital and further medical treatment, but the toe remained somewhat discolored and he had continuing pain in various degrees in the right foot.

He then went to work on a similar job with appellant U. S. Vitamin Corp.   On November 4, 1955 while visiting customers in and near Newburgh it has been found he did excessive walking.   Because of the pain he had been experiencing with his right foot he testified " I was favoring it " in walking.   While he was doing this " the excessive walking ", he noticed his left foot " started to swell up."   The next day he noticed that a blister had formed on the left foot " and had broken during the night."

There is medical proof that in some diabetics " it doesn't take very much at all, as far as trauma is concerned, to create a blister."   This blister on claimant's left foot subsequently became ulcerated; there is adequate medical proof that the blister was the cause of further disability.   An award has been made equally against both employers; the Vitamin Corp. which employed claimant at the time the blister was incurred appeals.   We are of opinion the board was right in its decision.

To see this case in fair perspective, the concept of industrial accident must be carefully separated off from the concept of occupational disease.   The latter is regarded as occurring when the special nature of the work exposes the general run of people more or less alike to the incidence of a particular disease.   The contraction of the disease may be general in time of occurrence and not depend on a particular happening or event.   Thus, the contraction of silicosis as an occupational disease is commonly regarded as a slow and insidious process.

An accident, in the sense of Workmen's Compensation Law application, is a particular and unexpected event causing a

specific physical consequence. It is nonetheless an accident if the person who suffers the physical consequences resulting from it has a physical weakness or disability which either makes the accident more likely to occur, or, if it occurs, makes the physical consequences worse.

A deaf man working in a foundry who is hit by a moving machine which a normal man would hear coming and avoid nevertheless suffers an accident even if his physical weakness is entirely responsible for its occurrence; and a man who has an inadequately healed fracture of the arm also suffers an accident if, in lifting a light weight which would injure no normal arm, his fractured arm breaks again.

A man suffering from diabetes who cuts his hand accidentally and suffers serious disabling effects, brings the total consequence to him within the ambit of the industrial accident, even though to a man without the peculiar disability of diabetes, the cut would heal without difficulty.

The raising of a blister by excessive walking, or even by normal walking, if the activity and the blister are causally related, is an accident in the true sense and within the statute. It is an unexpected, and specific, injury due to the work activity. This was the holding of the court 40 years ago in *Matter of Scoville* v. *Tolhurst Mach. Works* (193 App. Div. 606, affd. 231 N. Y. 510). There a blister on the hand was caused by pressure on the prongs or handles of pinchers or nippers, and became infected.

A blister which is raised by walking in the work is just as much the product of the industrial activity as would be a blister resulting from taking hold of a rope or ladder in the course of work. It is as much a definite and isolated physical event as a cut, a bruise or a laceration induced by the events and environment of the employment.

The award should be affirmed, with costs to respondent employer and carrier.

HERLIHY, J. (dissenting). The claimant, 43 years of age, a drug salesman and a diabetic for many years, on August 6, 1954, while employed by respondent Baxter Laboratories, suffered an industrial accident to his right foot for which he was awarded compensation.

Thereafter, on November 4, 1955, while working for the appellant herein, he contends he did an unusual amount of walking in wet, rainy weather and because of the pain in his right leg, he was favoring it. That night his left leg was somewhat swollen. The next morning he discovered that a blister on his

left foot had broken during the night. This became ulcerated, resulting in further complications, which, together with a recurring and progressive condition of his right foot, completely incapacitated the claimant and has resulted in an award, chargeable 50% to each case.

It is undisputed that on the day in question claimant, with another representative of the employer, went to Stewart Air Force Base, West Point and several other places in the course of their employment; that they did some walking between parking lots and buildings and that it was wet and rainy throughout the day. The claimant when testifying said he was favoring his right foot: " It was the only thing that I could say caused it; in other words, my favoring my right foot, which was painful that day, and putting most of my weight on my left foot, in my opinion, I am not sure, I am not a doctor— * * * is the cause of the blister developing on the left foot."

When testifying on an earlier occasion, he explained it as follows:

" Q. When you were walking on November 4, 1955, you claim you did excessive walking. What do you mean by that? A. Excessive in that it was about the normal walking you would do in a day's employment, because of parking facilities.

" Q. You mean by putting an added strain on you on that particular day because of parking facilities you did more walking than you usually do? A. Yes.

" Q. Do you recall any time prior to November 4, 1955, when you did as much if not more walking than you did on November 4, 1955? A. Yes, I would say there were times, and I don't recall if that particular day I may have done excessive walking if the foot was bothering me that day. In other words, if the foot was not bothering me, I would not be favoring the right foot so the amount of walking would not make much difference."

This testimony seems to establish that actually he did no more than normal walking but in his opinion it was abnormal because his right foot pained him and he favored it. This might well be a consequence of the first accident but it is not sufficient to constitute a new accident.

*Matter of Penn* v. *Black Riv. Val. Club* (7 A D 2d 669) was a diabetic case which dealt with the consequences flowing from the original injury. There was no issue there as to whether or not the subsequent injury to the toes of his left foot provided a new accident. It does, however, give support to the possibilities that the blister in this case might be causally related to the original injury to the right leg of the claimant.

Medical testimony does not establish the accident. It concerns itself with the relationship between the accident and the injury.

The requirements of the happening of an accident have been set forth by this court in several recent cases. While the factual situation here is different, it does not meet the requirements of an industrial accident. (*Matter of Deyo* v. *Village of Piermont*, 283 App. Div. 67; *Matter of Flynn* v. *Memorial Hosp. Mem. Center*, 8 A D 2d 926; *Matter of Newton* v. *County of Erie*, 7 A D 2d 29; *Matter of Steindel* v. *Gordon Baking Co.*, 9 A D 2d 798; *Matter of Hogan* v. *Weldmaster Co.*, 11 A D 2d 557, decided May, 1960.)

There are very few cases close to the instant situation.

In *Matter of Scoville* v. *Tolhurst Mach. Co.* (193 App. Div. 606, affd. 231 N. Y. 510) compensation was allowed where claimant, through the constant use of pliers, developed a blister on his hand but factually there was no underlying disease, the disability apparently resulting from the entrance of germs from the work area into his blood stream. The test of accident in infectious disease cases has not been shown to be applicable here, however, where the disability is purported to have arisen from aggravation of an underlying disease.

In the State of Pennsylvania, in *Williams* v. *Temple Univ. Hosp.* (174 Pa. Super. 47) a diabetic case, an accident was established when a fellow employee stepped on claimant's toes, an isolated traumatic experience. It was somewhat analogous to the present claimant's first accident to his right foot. The court therein mentioned what the doctors stated in this case: "Diabetics are prone to gangrenous infections upon less shock than a normal person." However, if it is normal and natural progression of the disease as distinguished from an accident, it is not compensable." (*Matter of Conroy* v. *Rupert Fish Co.*, 8 A D 2d 553.)

*Industrial Comm.* v. *Mounjoy* (36 Ohio App. 476) a blister case, is distinguishable from the present situation since there was no underlying diabetes and the court found that the blisters were sustained by walking over rough ground, which was determined to be a hazard of employment.

The happening of an accident on November 4, 1955 was not established, but, it may well be, the resulting injury to the left foot was a consequence of the original accident.

Accordingly, decision and award of the Workmen's Compensation Board as against appellants should be reversed and the matter remitted for further consideration.

Coon and Gibson, JJ., concur with Bergan, P. J.; Herlihy, J., dissents and votes to reverse and remit, in a memorandum; Reynolds, J., dissents and votes to reverse and dismiss the claim.

Award affirmed, with costs to the respondents, employer and carrier.