■ In the Matter of the Claim of FRANK GUGINO, Respondent, v. NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal from a decision of the Workmen's Compensation Board, filed October 31, 1967. Claimant, while on official State business, sustained a back injury on May 25, 1960 which was diagnosed as and found to be a permanent partial disability. The board findings of accident, notice and causal relationship were conceded by appellants. On December 31, 1965 claimant retired from State service when he reached the mandatory retirement age of 70 and it appears that subsequent to his accident, awards had been made for various periods of lost time caused by his disability. For about a year and a half prior to retirement he lost no time but the record clearly shows he remained (and still remains) under constant medical treatment for his causally related back condition. In addition, the evidence shows that he was, because of this condition, unable to assume other work or resume the practice of law. The board has found "that the extent of claimant's permanent partial disability is 50% and that subsequent to December 31, 1965 claimant has causally related loss of earnings". Appellant's contention that the claimant voluntarily removed himself from the labor market is unavailing, for there is substantial evidence to show that claimant was physically unable to resume any other duties following retirement. Accordingly, we need not pass on respondent's argument that this issue was not raised before or considered by the board and hence may not be raised for the first time on the appeal. We further point out that the stipulated issue before the board was "Whether there is continuing causally related disability subsequent to December 31, 1965" and, therefore, any other question is deemed waived. (*Matter of Evans* v. *Allegheny Ludlum Steel Corp.*, 22 A D 2d 838.) In any event, while we are mindful of the rule that if reduced earnings are caused solely by old age or any causative factor other than disa-

bility, an award is not in order (*Matter of Haynos* v. *American Brass Co.,* 8 A D 2d 870), a claimant is entitled to such an award if, as here, a disability was the cause of or a contributing factor to reduced earnings. (*Matter of Papkoff* v. *Feldman,* 26 A D 2d 140, affd. 19 N Y 2d 932; *Matter of Haar* v. *Strauss-Duparquet,* 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646; *Matter of Luizzi* v. *Tobin Packing Co.,* 29 A D 2d 1016.) A review of the lay and medical testimony shows the existence of adequate and substantial evidence to support the board finding of a causally related disability subsequent to December 31, 1965. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.