■ In the Matter of BOARD OF TRUSTEES OF THE VILLAGE OF SCOTIA, Petitioner, v. TOWN BOARD OF THE TOWN OF GLENVILLE, Respondent, and MARION E. KOLAKOWSKI et al., Intervenors-Respondents.— *Per Curiam.* Application by petitioner to confirm report of Referees and for judgment that the proposed annexation of certain territory in the Town of Glenville to the Village of Scotia is in the over-all public interest. Application granted, without costs. We approve and confirm the Referees' report, findings and conclusions (except the finding of respondent's request No. 2, which we reverse) and determine that the proposed annexation is in the over-all public interest. The territory here involved, being uninhabited, may be annexed without compliance with section 713 of the General Municipal Law. (See *Matter of Common Council of City of Middletown* v. *Town Bd. of Town of Wallkill,* 29 A D 2d 561.) Application granted, without costs. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum Per Curiam.

■ In the Matter of the Claim of HELEN MURPHY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board which dismissed claimant's appeal as untimely (Labor Law, § 621, subd. 1). The decision of the Referee was mailed and filed on May 22, 1968 and the notice of appeal filed by claimant on June 13, 1968. The appeal was thus not taken within 20 days and was therefore properly dismissed as untimely (e.g., *Matter of Conliffe [Catherwood],* 28 A D 2d 1051; *Matter of Rosenthal [Catherwood],* 28 A D 2d 603). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.

■ In the Matter of the Claim of STANLEY YANKOSKI, Respondent, v. CARBORUNDUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board finding that claimant suffered permanent, partial disability and directing payments to continue at reduced earnings. It is not disputed that "Claimant is permanently partially disabled and has a 75% earning capacity"; the sole issue raised here being whether there is substantial evidence to support the board's determination that claimant sustained a causally related loss of earnings subsequent to his mandatory retirement on September 1, 1966. "An award for reduced earnings is sustainable where there is substantial proof of the effect of claimant's disability upon her post-retirement earnings, or if the disability is even a *contributing* factor." (*Matter of Luizzi* v. *Tobin Packing Co.,* 29 A D 2d 1016, 1017 [emphasis added]; *Matter of Fromm* v. *Rochester Tel. Corp.,* 22 A D 2d 728.) "The fact claimant retires or is laid off from his job does not preclude an award where there is a subsequent loss of wage earning capacity which is due to claimant's disability rather than to old age, general economic conditions or other factors unconnected with his disability." (*Matter of O'Connell* v. *New York State Workmen's Compensation Bd.,* 14 A D 2d 945, 946, mot. for lv. to app. den. 11 N Y 2d 641.) On the instant record the board could properly find that claimant's 1953 work-related back injury was a contributing factor in limiting his search to employment which required only light work and that he was unable to find employment within such limitation (*Matter of Rigatti* v. *Lollo & Sons,* 31 A D 2d 871) and, accordingly, its decision must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.