■ In the Matter of the Claim of GEORGE E. YERRY, JR., Respondent, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed December 7, 1977 and August 10, 1978, which found that claimant, a member of the Workers' Compensation Board, had sustained a compensable industrial accident. The board found by decision filed December 7, 1977: "claimant sustained an accidental injury on April 21, 1976, when he abruptly exited from the tub and struck his right foot on a folded towel on the tile floor. The Board finds * * * that claimant's work activities subsequent thereto aggravated his condition causing thrombophlebitis of the right leg and pulmonary emboli for which surgery was performed." The board further found by decision dated August 10, 1978: "Upon review of the record and based on claimant's testimony and other credible evidence in file, and on the testimony of Dr. M. McKibbin who found causal relation, the Board Panel finds that claimant sustained an accident arising out of and in the course of employment." There is substantial evidence to sustain the determination of the board that claimant's work activities subsequent to his foot injury of April 21, 1976 aggravated his condition, causing thrombophlebitis of the right leg and pulmonary emboli for which surgery was performed (Matter of Schechter v State Ins. Fund, 6 NY2d 506; Matter of Walters v U. S. Vitamin Corp., 11 AD2d 280; Matter of Cuvelier v Fairbanks & Walvoord, 6 AD2d 920; 1B Larson's Workmen's Compensation Law, § 38.64 [c]). The decisions of the board should, therefore, be affirmed. In view of our affirmance herein based on the finding of substantial evidence, we find it unnecessary to reach a consideration of the personal act doctrine, the only basis upon which appellants urge reversal. Decisions affirmed, with costs to the Workers' Compensation Board against appellant State Insurance Fund. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.