■ In the Matter of the Claim of GEORGE YERRY, JR., Respondent, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed March 17, 1982 and July 12, 1982, which found that claimant was entitled to reduced earning benefits. While a member of the Workers' Compensation Board, claimant sustained an injury on April 21, 1976, which caused a thrombophlebitis of the right leg, with subsequent pulmonary emboli. Findings of accident, notice and causal relationship were

previously affirmed by this court (*Matter of Yerry v New York State Workers' Compensation Bd.*, 71 AD2d 768). Claimant continued under medical treatment after return to work until June 2, 1981 when his term expired. Thereafter, he worked for a law firm, but due to his physical condition was confined to office work, unable to conduct field investigations or attend hearings. He was paid $200 weekly whereas previously he earned $674.14 a week. On March 17, 1982, the board found that claimant was entitled to reduced earning benefits under subdivision 3 of section 15 of the Workers' Compensation Law and restored the case to the Trial Calendar to assess his prior earnings. Appellants appealed. Thereafter, on July 12, 1982, the board affirmed an award of $95 reduced earnings from June 2, 1981 to May 24, 1982, to continue at a weekly rate of $95 reduced earnings. Appellants have appealed from this decision as well. Both decisions should be affirmed. The appellants' sole contention on appeal is that claimant's reduced earning capacity is due to his failure to be reappointed to the board, rather than his physical disabilities. We disagree. That claimant was not reappointed does not preclude an award where there is a subsequent loss of wage-earning capacity due to claimant's disability rather than old age, general economic conditions, or other factors unrelated to his disability (*Matter of Miller v Pan Amer. World Airways*, 46 AD2d 718; *Matter of O'Connell v New York State Workmen's Compensation Bd.*, 14 AD2d 945, mot for lv to app den 11 NY2d 641). It was conceded that claimant has a permanent partial disability which permits an inference of lost wages therefrom (*Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245, 247). There is ample evidence in the record upon which the board could find that claimant's compensable disability was a contributing factor to his reduced earning capacity (*Matter of Yankoski v Carborundum Co.*, 32 AD2d 593; *Matter of Gugino v New York State Workmen's Compensation Bd.*, 31 AD2d 698). Although 80 years of age, claimant is currently working. However, his present salary reflects his physical limitations which worsened after he left the board. The law judge and board credited claimant's testimony that he would earn more absent his disability. There is substantial evidence to support the board's determination and claimant is entitled to an award of reduced earning benefits. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.