■ In the Matter of the Claim of CHESTER HAIBEL, Respondent, v C. G. HAIBEL, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 8, 1983, which found that claimant was entitled to reduced earning benefits. ¶ On January 7, 1980, claimant, president of his own home contracting firm,

sustained an intracerebral hemorrhage (stroke) as a result of an automobile accident. The employer's insurance carrier paid workers' compensation benefits until November 11, 1980, at which time it was asserted that claimant had fully recovered and that any reduction in earnings was based solely on economic conditions. Following a hearing, the Board concluded that claimant had a 75% partial disability and directed an award of reduced earnings (see Workers' Compensation Law, § 15, subd 3). The sole contention on this appeal by the employer and its insurance carrier is that claimant's reduced earning capacity is due to general economic conditions, rather than any causally related disability. We disagree with this argument and affirm the Board's decision. ¶ Whether claimant's injuries caused reduced earnings is a factual issue within the province of the Board to determine and, if supported by substantial evidence, the decision must be affirmed (*Matter of Fabrizio v J.R.J. Concrete Corp.*, 96 AD2d 611). While there is considerable medical testimony in the record that claimant had completely recovered by November, 1980, there is also medical evidence that claimant remained partially disabled due to a personality change, referred to as "frontal lobe syndrome", related to the stroke, which affected his ability and motivation to work. In the presence of conflicting medical testimony, the Board is authorized to credit or discredit the testimony as it chooses (*Matter of Currie v Town of Davenport*, 37 NY2d 472, 476). Moreover, the fact of claimant's partial disability permits an inference of lost wages therefrom (*Matter of Yerry v New York State Workers' Compensation Bd.*, 93 AD2d 931). We are not unmindful of the trend of declining economic conditions in claimant's line of work which does not, however, negate the fact that claimant remains partially disabled and has not yet been able to return to work. Further, compensation was awarded on the basis of a stipulated average weekly wage of only $125, a fair approximation of his earning potential had he remained healthy. In our view, the decline in the construction industry during this period does not preclude an award of reduced earnings, since claimant's partial disability may properly be considered a contributing factor to his loss of wage earning capacity (*Matter of Yankoski v Carborundum Co.*, 32 AD2d 593; *Matter of Gugino v New York State Workmen's Compensation Bd.*, 31 AD2d 698, mot for lv to app den 23 NY2d 646). There is substantial evidence to support the Board's determination and claimant is entitled to the award of reduced earning benefits (see *Matter of Yerry v New York State Workers' Compensation Bd.*, supra). ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Kane, Casey, Weiss and Levine, JJ., concur.