■ In the Matter of CHRISTOPHER COYLE, Respondent, v INTERMAGNETICS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [699 NYS2d 600] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed September 23, 1997, which, *inter alia*, ruled that claimant was entitled to an award for reduced earnings.

In June 1985, claimant suffered a work-related back injury while employed as a mechanic by Intermagnetics Corporation. He received workers' compensation benefits for time lost in 1986, but was able to continue his employment with periodic chiropractic treatment. In October 1987, claimant changed jobs and began working for Atlas Copco Rental as a field mechanic. He injured his back again in June 1989 but did not lose time from work. On July 1, 1990, claimant started a new job as a bus mechanic for a school district resulting in a reduction of his wages. He made a claim to the Workers' Compensation Board for reduced earnings. Following a hearing, the Board ruled, *inter alia*, that claimant suffered a permanent partial disability that was causally related to his 1985 and 1989 injuries. It further found that the reduction in claimant's earnings subsequent to July 1, 1990 was causally related at least to his 1985 injury and awarded benefits accordingly. Intermagnetics and its workers' compensation insurance carrier (hereinafter collectively referred to as the carrier) appeal.

The carrier concedes that claimant suffers from a permanent partial disability as a result of his 1985 injury. It asserts, however, that the Board's decision awarding him reduced earnings is not supported by substantial evidence since there is a lack of proof establishing that claimant accepted a lower paying job due to his permanent partial disability as opposed to personal reasons. We disagree. "Whether claimant's injuries caused reduced earnings is a factual issue within the province of the Board to determine and, if supported by substantial evidence, the decision must be affirmed" (*Matter of Haibel v C. G. Haibel, Inc.*, 101 AD2d 678, 679). Notably, a claimant's work-related permanent partial disability allows an inference that a subsequent loss of wages is attributable to physical limitations (*see, Matter of Phillips v Elmira City School Dist.*, 178 AD2d 793; *Matter of Haibel v C. G. Haibel, Inc., supra*, at 679). While a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability (*see, Matter of Meisner v United Parcel Serv.*, 243 AD2d 128, 130, *lv dismissed* 93 NY2d 848), such an award will not be disturbed absent proof that the reduction was solely due to such unrelated factors (*see, Matter of Phillips v Elmira City School Dist., supra*, at 793).

In the instant case, conflicting evidence was presented regarding the causal connection between claimant's reduction in earning capacity and his permanent partial disability. On the one hand, claimant's return to strenuous job duties at In-

termagnetics and Atlas following his injuries and the testimony that the bus mechanic position was easier and closer to his home suggest that his acceptance of a lower paying job was a personal decision. On the other hand, claimant's testimony concerning his need for continuing chiropractic treatment while performing the heavy lifting and driving required of his job at Atlas and his chiropractor's testimony that claimant could no longer tolerate such physical demands indicate that he accepted the lower paying job due to his disability. Inasmuch as this record demonstrates that the physical limitations of claimant's permanent partial disability were at least a factor contributing to the reduction in wages, the Board's decision is supported by substantial evidence (see, Matter of Haibel v C. G. Haibel, Inc., supra).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.