◼ In the Matter of the Claim of JOHN PULCASTRO, Respondent, v N & S SUPPLY COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [705 NYS2d 121] —Spain, J. Appeal from a decision and an amended decision of the Workers' Compensation Board, filed December 4, 1997 and September 8, 1998, which ruled that claimant sustained a causally related disability and awarded workers' compensation benefits.

On July 25, 1994, claimant was employed as a counter person at N & S Supply Company when he injured his back while lifting a bundle of copper pipes. Claimant continued to work for N

& S until he was terminated from his position in February 1995 due to his failure to learn certain terminology necessary to perform his employment duties. Although claimant subsequently obtained new employment, he was ultimately discharged from that position because his physician advised against working the assigned 12-hour shift. Claimant failed to secure new employment within his medical restrictions and thereafter applied for workers' compensation benefits seeking an award for lost earnings based on the July 1994 back injury. By decision dated December 4, 1997 and amended decision dated September 8, 1998, the Workers' Compensation Board ruled that claimant suffered from a moderate partial disability from November 2, 1995 through January 10, 1997 and a mild partial disability thereafter. The Board found that claimant's disabilities were causally related to the July 1994 injury and exacerbated by claimant's subsequent work with the new employer. Additionally, the Board ruled that claimant's loss of earnings was causally related to the disability. Following the denial of their request for full Board review, N & S and its workers' compensation insurance carrier (hereinafter collectively referred to as N & S) appealed.

We affirm. N & S contends that the Board's decision and amended decision are not supported by substantial evidence because claimant's loss of earnings were not causally related to the July 1994 back injury and were solely due to claimant's various other physical ailments. We disagree. As claimant's loss of employment with N & S was due to factors unrelated to his back injury, the burden is upon claimant to produce sufficient evidence that his back injury was the cause of his subsequent inability to work (*see, Matter of Holman v Hyde Park Nursing Home*, 268 AD2d 705; *Matter of Benesch v Utilities Mut. Ins. Co.*, 263 AD2d 585). Notably, it was within the Board's province to resolve conflicting evidence on the issue of whether claimant's back injury caused his reduced earnings, and its factual findings in this regard will not be disturbed if supported by substantial evidence (*see, Matter of Haibel v C.G. Haibel, Inc.*, 101 AD2d 678, 679).

Here, claimant admittedly suffers from an arthritic knee condition and serious heart problems. However, the medical proof, including a report submitted by the chiropractor who examined claimant on behalf of N & S, sufficiently demonstrated that claimant's loss of wages was not solely due to these ailments but was at least partially attributable to the July 1994 back injury (*see, Matter of Coyle v Intermagnetics Corp.*, 267 AD2d 621; *Matter of Phillips v Elmira City School*

*Dist.,* 178 AD2d 793; *Matter of Haibel v C.G. Haibel, Inc., supra*). Inasmuch as the record contains proof that claimant's back injury was at least one factor contributing to his loss of earnings, the Board's decision and amended decision are supported by substantial evidence and must be affirmed (*see, Matter of Coyle v Intermagnetics Corp., supra*).

Mercure, J. P., Carpinello and Graffeo, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.