In the Matter of the Claim of PEARL HICKS, Respondent, against OLGA BODEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. Claimant was a laundry worker who "for years" worked one day a week, on Friday. She received $8 for the day and twenty cents carfare. She was totally disabled in an accident. Her rate of compensation has been fixed by the board in pursuance of subdivision 3 of section 14 of the Workmen's Compensation Law, at $21.03 a week. The compensation thus fixed was almost three times her earnings. For the reasons stated in *Matter of Derion* v. *Gilford Mfg. Co.* (282 App. Div. 788), decided concurrently herewith, the decision and award of the Workmen's Compensation Board are reversed, and the claim remitted to the board for further proceedings, with costs to appellants. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

■

In the Matter of the Claim of JOHN GALLAGHER, Respondent, against GEORGE H. FLINN CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board to claimant for disability due to caisson disease. Decision and award unanimously affirmed for the reasons stated in the claim of Paul McCann, decided herewith (*Matter of McCann* v. *Walsh Constr. Co.*, 282 App. Div. 444), with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of JOHN DOLAN, Respondent, against GEORGE H. FLINN CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. The questions raised on this appeal are quite similar to those considered and decided herewith in *Matter of McCann* v. *Walsh Constr. Co.* (282 App. Div. 444) and the decision is controlled by the same considerations which guided the court in that case. Claimant worked as a sand hog with compressed air for this employer from January, 1946, to February, 1947, his last exposure being February 3d. This terminal exposure fell between the effective dates of the 1946 and 1947 amendments to the statute. His disablement from caisson disease attributed to this employment was found to have occurred January 4, 1951. He is entitled to the procedural benefits of statutory amendments effective after as well as before his last exposure to compressed air. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of JOHN DOHERTY, Respondent, against GEORGE H. FLINN CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of the Workmen's Compensation Board granting disability benefits to claimant. The question is identical with that involved in *Matter of McCann* v. *Walsh Constr. Co.* (282 App. Div. 444). Upon the authority of that case, decided herewith, the award is unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.