In the Matter of the Claim of EUGENIA DERION, Respondent, against GILFORD MANUFACTURING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant is a housewife. She also engaged in industrial employment under voluntarily limited conditions. She worked one day a week as a machine cleaner regularly for a period of more than two years. She received $10.03 as wages for this one day a week work. She was injured in the course of the employment and sustained a temporary total disability. The board has fixed her compensation at $25.72 a week, about two and a half times her actual earnings in this employment. The award was made by applying the formula set up by subdivision 3 of section 14 of the Workmen's Compensation Law, which provides that if the formulae established by subdivisions 1 and 2 of the section cannot be reasonably applied, the annual average earnings of the employee "shall be such sum" as shall "reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident". The proviso at the end of the subdivision, however, is that such sum shall be not less than 240 times the "average daily wage" which the employee has earned during the days when employed. This was not, we think, intended to apply to an employee who voluntarily and for a long period of time greatly limits his participation in industrial activity. The floor at the end of the subdivision was intended to cover an industrial worker who had a general but irregular pattern of employment not consistently self-limited  The basic command of the Legislature in setting up the omnibus machinery of subdivision 3 is that the board shall have regard to the previous earnings of the employee and shall attempt to evaluate reasonably his earning capacity. This clearly must weigh into consideration the extent to which he wishes to participate in the industrial market. We feel the award in this case should not exceed the actual earnings of claimant. Decision and award reversed, on the law, and claim remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.