█ In the Matter of the Claim of FRANK WINTER, Respondent, against CAMP SCATICO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from a decision and award of the board in arriving at the average weekly wages of the claimant prior to the accident. The claimant worked at a summer camp at the time of his injury, receiving $100 a week, together with his room and board, for a period of ten weeks. He further testified that for a period of over six years prior to the accident he had no other work because as he stated "I'm too old". On this testimony the board determined that the facts came within *Matter of Terry* v. *City of Glens Falls* (2 A D 2d 625) and in arriving at the average weekly wage used the 200 a day multiple in accordance with subdivision 3 of section 14 which provides: "annual average earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class * * * or other employment as defined in this chapter, in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident, provided, however, his average annual earnings shall consist of not less than 200 times the average daily wage or salary which he shall have earned in such employment during the days when so employed" There were no substantial facts to sustain the legal theory adopted by the board. In the *Terry* case, besides being an election inspector, there was testimony that during other times of the year she acted as a "baby sitter". Here the testimony is undisputed that the claimant for at least six years had voluntarily restricted his employment to summer camp work at the camp involved herein. The rule as set forth in *Matter of Derion* v. *Gilford Mfg. Co.* (282 App. Div. 788) applies to the present situation wherein the court said: "The basic command of the Legislature in setting up the omnibus machinery of subdivision 3 is that the board shall have regard to the previous earnings of the employee and shall attempt to evaluate reasonably his earning capacity. This clearly must weigh into consideration the extent to which he wishes to participate in the industrial market. We feel the award in this case should not exceed the actual earnings

of claimant." Decision and award of the Workmen's Compensation Board reversed and remitted for findings not inconsistent with this memorandum, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.