◼ In the Matter of the Claim of FRED J. SCHARCH, Respondent, v. RICHARD W. KEOUGH, Doing Business as WOODHOLME LODGE, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. This appeal from a decision awarding reduced earnings to the claimant involves two issues: 1. Do the facts warrant the application of subdivision 3 of section 14 of the Workmen's Compensation Law? 2. Subsequent to April 11, 1962, was there a basis for the $20 rate award for a continuing causally related disability? On June 13, 1961, the claimant, a chef, was injured while traveling to work at the employer's Summer camp. There was medical testimony that part of the claimant's disability was due to the injury. The Referee applied the 200-multiple factor, as set forth in subdivision 3 of section 14, and made an award of $11.44, a 25% disability rate. The carrier applied for a review, contending that the claimant limited himself to part-time work and thus, was not entitled to the benefits of subdivision 3, citing as authority *Matter of Derion* v. *Gilford Mfg. Co.* (282 App. Div. 788) and *Matter of Winter* v. *Camp Scatico* (7 A D 2d 812). In *Matter of Derion*, the claimant, a housewife, was engaged in industrial employment on a voluntary, limited basis of one day a week. We

stated that subdivision 3 was intended to cover an industrial worker who had a general but irregular pattern of employment not consistently self-limited. In *Matter of Winter,* the claimant testified that he only worked Summers because he was too old to do otherwise. These decisions are not controlling as to the present facts. For approximately two years before the accident, claimant did Summer work so that he might devote the remainder of his time to self-employment in writing a cookbook. The record shows, without dispute, that prior to the accident he had abandoned for good cause his intention of publishing the cookbook and had contracted for employment following his work at the Summer camp. These facts, when considered with the testimony that prior to his attempts at Epicurean literature, he had worked the major portion of each year, sustained the board's finding that he had not voluntarily restricted his employment to Summer work. Accordingly, the board was correct in applying subdivision 3, which provides that the projected earnings shall consist of not less than 200 times the average daily wage which the claimant was actually making at the time of his injury. In passing, we would note that *Matter of Tracey* v. *Tantalo* (19 A D 2d 672), relied upon by the board, is not controlling. Seasonal employment was not the issue therein but rather his employment was limited due to weather conditions. At a hearing before the board, the question of reduced earnings became an issue. Thereafter, the board modified the Referee's decision by deleting the 25% related disability and found " that claimant has a continuing causally related disability and that considering the injury and the nature of the physical impairment a reduced earnings rate of $20 weekly properly represents the claimant's earning capacity". There was undisputed medical testimony that the claimant was suffering from a preexisting arthritic condition, which combined with the injury, caused a permanent partial disability from "moderate to mild". In *Matter of Blum* v. *Jo-Mar Sportswear Co.* (19 A D 2d 440), the board struck out a 75% earning capacity and here rescinded a 25% disability rate, both of which have the same meaning stated differently. In its stead, the board substituted the minimum compensation, pursuant to section 15 (subd. 6, par. [b]), based upon medical testimony of moderate disability. We are of the opinion that the record justifies the reduced earnings rate but the board should note that our decision in *Blum* was not intended to relieve it of the responsibility to make specific findings as to whether the $20 rate is based on the section 15 (subd. 6, par. [b]) minimum, or whether it is the result of subdivision 5 of section 15 calculations based on a definite finding of percentage of disability; but in this case the award is sustainable by the evidence in either event. When the board rescinds a percentage disability rate, it should set forth the factual basis for its findings and the decision is then more readily reviewable by this court. A conclusory modification by the board cannot be cloaked under the guise of a factual finding. Here, the board's brief assumed a percentage disability greater than that found by the Referee in attempting to justify its modification. Our affirmance is premised on the analogy of the present facts with those in *Blum.* Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, and Hamm, JJ., concur.