■ In the Matter of the Claim of THEODORE ZOELLER, Respondent, v. FULTON STORAGE WAREHOUSE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed June 20, 1969, which established an average weekly wage prior to October 12, 1967, the date of disablement, of $112 based on a calculation purportedly pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law. Claimant was found to have sustained a Dupuytren's contracture condition of both hands, an occupational disease resulting from many years of employment as a warehouseman. Although disablement was fixed as of October 12, 1967, there was proof that claimant retired on December 30, 1966 at age 65 accepting Social Security benefits shortly thereafter and without making any effort to secure other employment. There was also evidence that the retirement resulted from the condition of his hands. Subdivision 3 of section 14 of the Workmen's Compensation Law provides that if subdivisions 1 and 2 are inapplicable, the average annual earnings of the employee " shall be such sum " as shall " reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident, provided, however, his average annual earnings shall consist of not less than two hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed " (see *Matter of Stallone* v. *Liebmann Breweries*, 12 A D 2d 716, affd. 10 N Y 2d 907; *Matter of Terry* v. *City of Glens Falls, Election Bd.*, 2 A D 2d 625). While the floor of subdivision 3 was not intended to apply to an employee who voluntarily and for a long period greatly limits his participation in industrial activity (*Matter of Di Suvero* v. *Durabuild Constr. Co.*, 28 A D 2d 1152; *Matter of Winter* v. *Camp Scatico*, 7 A D 2d 812; *Matter of Derion* v. *Gilford Mfg. Co.*, 282 App. Div. 788), it was not error for the board to utilize the statutory floor on average annual wages in calculating claimant's schedule loss, as he had limited his work for a relatively short period before the date of disablement and appears, at least in part, to have been prompted to retire because of the disability causally related to his 35 years of continuous employment. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.