In the Matter of the Claim of MARY J. JACOB, Respondent, v. TOWN OF GLENVILLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 21, 1974.

*Fred J. Murray* (*John E. Knauf* of counsel), for appellants.

*Mary J. Jacob,* respondent in person.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

STALEY, JR., J. These are appeals by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed September 14, 1972 and an amended decision filed April 26, 1973.

Claimant, a housewife, took a job as an election inspector with the intention of working only for the primaries. On her first

day on the job, June 18, 1968, she fell breaking her left arm in five places which required the insertion of four pins and a plate. Claimant underwent surgery on September 16, 1970 for removal of the plate and three of the four pins. Claimant was temporarily totally disabled from June 19, 1968 to October 11, 1968, and from September 16, 1970 to June 8, 1971. Claimant had not been employed for 17 years and intended only to work during the primaries. An election inspector was paid about $19 per day, and the Referee used the 200 multiple set forth in subdivision 3 of section 14 of the Workmen's Compensation Law, and divided by 52 to establish a weekly wage of $73.07 and a compensation rate of $48.71.

Appellants contend that, since claimant limited her employment to the position of an election inspector, it was error to employ subdivision 3 of section 14, and that the compensation rate should have been based on actual earnings. The record clearly establishes that claimant limited her participation in the labor market to the amount of time she would have worked as an election inspector which was to last for only about 10 days a year. Subdivision 3 of section 14 was not intended to apply to an employee who voluntarily and for long periods limits his participation in the labor market. (*Matter of Williams* v. *Lutheran Home for the Aged,* 35 A D 2d 617.) Claimant's average weekly wage should, therefore, have been computed on her actual earnings subject, however, to the mandate of paragraph (c) of subdivision 6 of section 15 of the Workmen's Compensation Law which provides that the minimum compensation for a temporary total disability due to an accident occurring after July 1, 1965 and before July 1, 1968 shall be $20 per week.

The determination of the board as to the average weekly wage must, therefore, be reversed. The January 26, 1970 decision of the board was a nonfinal decision in that it did not finally determine the merits of the claim and it was not, therefore, appealable. (*Matter of Michalko* v. *City of New York,* 39 A D 2d 979.) That decision did not, therefore, become the law of the case as determined by the board in its decision of April 26, 1973.

The decisions should be reversed, with costs against the Workmen's Compensation Board, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J. GREENBLOTT, COOKE and MAIN, JJ., concur.

Decisions reversed, with costs against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith.