■ In the Matter of the Claim of Louis Pfeffer, Appellant, v Parkside Caterers, Inc., et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 21, 1972. The sole issue on this appeal is the computation of claimant's average weekly wages. The board fixed claimant's weekly wage at $65.39 based upon actual earnings of $3,492 for the year prior to the accident. Claimant claims his weekly wages should have been fixed by application of subdivision 3 of section 14 of the Workmen's Compensation Law at $185.54 per week. Claimant claims his daily wage was $46.50 and that his average annual earnings should be computed at 200 times the daily wage of $46.50 for a yearly wage of $9,700 and producing a weekly wage of $186.54. Claimant was a banquet waiter, 77 years old at the time of his injury. He obtained his employment through his union. He worked on 72 jobs for various employers in the year preceding his injury. Claimant's employment for the year followed a normal work pattern for a person in similar circumstances. When a prospective employer needs a banquet waiter, he contacts the union who selects and sends the banquet waiters requested. The union listed claimant as a waiter who doesn't work steady for a single employer, but works whenever there is a job. The waiter cannot work steady in one place and work as an extra for another employer. The board found that claimant worked primarily on the weekends and that he voluntarily limited his employment. At one hearing in reply to a question

by the referee, claimant admitted he limited his income from employment. There is substantial evidence in this case to justify the board in finding that claimant voluntarily and for a long period limited his employment. The board was justified in computing claimant's weekly earnings based on actual yearly earnings *(Matter of Winter v Camp Scatico,* 7 AD2d 812; *Matter of Derion v Gilford Mfg. Co.,* 282 App Div 788). As the board's findings are supported by substantial evidence, the decision must be affirmed *(Matter of Ciccone v National Accessories Stores,* 46 AD2d 710). Decision affirmed, without costs. Sweeney, Kane and Reynolds, JJ., concur; Greenblott, J. P., and Herlihy, J., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The broad issue upon this appeal is whether or not the record contains substantial evidence to support the board's finding that the claimant limited his employment. (See *Matter of Jacob v Town of Glenville,* 43 AD2d 409; *Matter of Winter v Camp Scatico,* 7 AD2d 812; *Matter of Derion v Gilford Mfg. Co.,* 282 App Div 788; cf. *Matter of Gurewicz v 107 N. Fifth St. Corp.,* 48 AD2d 990; *Matter of Stallone v Liebmann Breweries,* 12 AD2d 716, 717, affd 10 NY2d 907, 909; *Matter of Eichler v Paradise Manor,* 264 App Div 969, 970, mot for lv to app den 289 NY 853.) In *Matter of Stallone v Liebmann Breweries (supra),* the majority memorandum held that the fact that the computation of wages pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law will result in an average weekly wage exceeding the actual wages earned is not a relevant fact in determining that subdivision's applicability. The Court of Appeals affirmed on the majority memorandum and that principle has only recently been reaffirmed by this court in *Matter of Gurewicz v 107 N. Fifth St. Corp. (supra)* in regard to a schedule award. The majority herein recognize that the claimant has established that he followed a "normal work pattern" for a person employed as a banquet waiter. There is no evidence that employment as a banquet waiter was anything other than a bona fide general work classification and the record establishes that such workers were a necessary part of the catering or banquet industry. The sole evidence in the record is that the union permits certain members to be designated as "steady" workers to be *assigned* to a particular employer when that employer has a need. That evidence only serves to buttress the sole conclusion available from this record which is that banquet waiters are rarely, if ever, employed for any particular number of days each and every week. The only apparent advantage of becoming a "steady" worker for a particular employer would be if that employer had such a substantial business as to have work available on a daily or at least a weekly basis. It would require closing one's eyes to reality to infer that the majority of restaurants and caterers are so substantial that the claimant's position as a rotating or available union member was some evidence of a self-imposed limitation on employment. Of course, this claimant was 77 years old at the time of his injury and while that fact naturally leads to surmise and speculation that as a pensioner he might be inclined to deliberately work only so as to supplement retirement income without reducing the same, surmise and speculation may not be substituted for substantial evidence. The board specifically found that the claimant "worked weekends only" and this particular finding has no support in the record and is completely refuted by it. Indeed, the injury sustained by the claimant was not on weekend employment. The decision of the board couples that factual finding with its conclusion that claimant "limited his employment" and, since no other facts are found by the board in its decision, that error alone would require a reversal as the decision is thereby rendered unreviewable and without any factual support therein.

The majority decision herein notes that the claimant responded to a referee's question in such a way as to be an admission that he limited his income. Since such a supposed admission might be considered substantial evidence supporting the board's conclusion, it should be examined in detail. At a hearing held on April 26, 1971 a referee commenced the questioning of the claimant. The referee first established the age of the claimant (79 at that time) and the amount then being received by the claimant and his wife from social security benefits. None of those questions were limited so as to elicit answers relevant to the date of the accident (November 26, 1969) and the year or time immediately preceding the accident. Then the following questions were asked by the referee and answers given by claimant. "Q. Do you limit your income? A. That's right. Q. Only when you have an opportunity to work? A. The union sent me to work." It is readily apparent that the questions and answers quoted above and referred to in the majority opinion were not directed to the time in issue and are not probative evidence insofar as a supposed admission against interest might be concerned. At a subsequent hearing held on December 20, 1971 the following questions were asked by a referee and answers given by the claimant: "Q. Are you working, sir? A. No. Q. Why not? A. I'm disabled. Q. How old are you? A. 79. Q. Did you limit your earning capacity after you reached 65 years? A. Pardon? Q. Did you limit your earnings? A. No. I worked as much as I could, as much as they gave me." Upon the present record there is no substantial evidence to support the conclusion of the board that the claimant limited his participation in the labor market so as to limit his earnings. The decision appealed from is unsupportable. The decision should be reversed, and the matter remitted to the board for further proceedings.