Chief Judge Bkeitel.
 

 This is a simple case. The issue on appeal is whether the Workmen’s Compensation Board which denied claimant the higher benefits he seeks rested its decision on substantial evidence.
 

 The hearing referee determined that claimant was not entitled to the higher benefits he seeks. There were three separate hearings before the referee, two after remittal by the board. The board considered the matter on at least two separate occasions and unanimously affirmed the referee’s last determination. The Appellate Division affirmed the board’s decision by a three to two vote, and this sharp division occasions the discussion which follows.
 

 Claimant, who was a 77-year-old banquet waiter at the time of the industrial accident which caused his injuries, seeks workmen’s compensation benefits based on a formula applicable to occasional employees who are fully available for employment. Claimant responded to job requests through his labor union over weekends and some weekdays. The question before the board, whose determination is not to be disturbed so long as supported by substantial evidence, was whether claimant limited his availability for work, and hence his earned income, in order not to overtax his failing capacities.
 

 The legal rule is that one who is not fully available, voluntarily, for the occasional employment in which he is purport
 
 *61
 
 edly engaged may not qualify for the same workmen’s compensation benefits as if he were so available (see, e.g.,
 
 Matter of Ruppert v Plattdeutsche Volksfest Verein,
 
 263 NY 338, 341;
 
 Matter of Jacob v Town of Glenville,
 
 43 AD2d 409).
 

 Claimant is now 85 years old, and this case has been litigated for almost eight years since the 1969 industrial accident. The board found that claimant suffered a 75% loss of use of his left leg. Apart from medical expenses, claimant was awarded $9,417.60 based on 216 weeks’ compensation at $43.60 per week. The compensation was premised on a weekly wage of $65.39. Claimant seeks more based on a formula which assumes that claimant was fully available for employment (see Workmen’s Compensation Law, § 14, subd 3). That is, he claims a weekly wage of $186.54, a sum he had not earned for years, and which, if he had, would have in the earlier years cost him the loss of Social Security benefits.
 

 The law, in this field, as with other areas of administrative agency review, is that the determination of the agency is conclusive if there is substantial evidence to support it. Moreover, the drawing of inferences of fact is solely the province of the administrative agency. (E.g.,
 
 Matter of Holland v Edwards,
 
 307 NY 38, 44;
 
 Matter of Avon Bar & Grill v O’Connell,
 
 301 NY 150, 153; 1 NY Jur, Administrative Law, § 192.)
 

 In his brief to this court claimant concedes that the evidence to support voluntary limitation of his income is ambiguous. Of course, the resolution of ambiguities is a fact-finding function, and therefore the sole province of the administrative agency.
 

 This is the evidence from the record. On April 26, 1971 claimant testified:
 

 "Q. How old are you?
 

 "A. 79.
 

 "Q. Are you on Social Security?
 

 "A. Yes.
 

 "Q. How much do you get?
 

 "A. Me and my wife?
 

 "Q. Your share.
 

 "A. I don’t know.
 

 "Q. How much do you get?
 

 "A. $235.90; me and my wife.
 

 "Q. Your’re 79 years of age?
 

 
 *62
 
 "A. Now.
 

 "MR. NACHBAR: Our contention is he is a part-time worker, works weekends occasionally.
 

 "Q. Do you limit your income?
 

 "A. That’s right.
 

 "Q. Only when you have an opportunity to work?
 

 "A. The union sent me to work.”
 

 On December 20, 1971, after ample opportunity to review his prior testimony, claimant testified:
 

 "Q. Are you working, sir?
 

 "A. No.
 

 "Q. Why not?
 

 "A. I’m disabled.
 

 "Q. How old are you?
 

 "A. 79.
 

 "Q. Did you limit your earning capacity after you reached 65 years?
 

 "A. Pardon?
 

 "Q. Did you limit your earnings?
 

 "A. No. I worked as much as I could, as much as they gave me.”
 

 Particularly significant is that claimant’s income tax forms (whether returns [U. S. 1040] by claimant or information returns [U. S. W-2] by the employer produced by claimant is not clear) show that he earned only $1,227 in the calendar year 1969. His union, however, reported that he earned $3,492 in that period. Again, the discrepancy was for the fact finder to resolve, and it was evidently resolved in favor of claimant.
 

 Whether the testimony supply ambiguity, rather than self-contradiction, in either event it was the board’s and not this court’s responsibility to construe. In construing the claimant’s ambiguous or self-contradictory testimony, the board was entitled to consider the claimant’s demeanor, the time interval between the April and December testimony, his advanced age, the claimant’s possible desire to limit his working burdens toward the end of his eighth decade, and the possible motivation of self-interest to increase his workmen’s compensation benefits or to protect his Social Security income. And certainly the board was entitled to draw upon its experience with many thousands of cases. Moreover, the courts are aware of the generous and liberal social policy applied by the board
 
 *63
 
 and the agency throughout its history since the inception of the first valid Workmen’s Compensation Law in 1913.
 

 There is, if claimant’s version of the contradictory proof be accepted, an immaterial "misstatement” in the board’s finding that claimant worked only on weekends. The dissent at the Appellate Division made much of this. The ultimate issue was not when claimant worked, but whether he deliberately limited his employment in order not to overtax himself. So too, it is immaterial that the dissent at the Appellate Division misstated the issue as whether claimant limited his income in order not to impair his Social Security benefits.
 

 Of course, because the issue was one of fact, with substantial evidence to support either view, the board could have concluded otherwise, and if it had then the decision in favor of claimant would have been invulnerable on judicial review (compare
 
 Matter of Jacob v Town of Glenville,
 
 43 AD2d 409;
 
 supra; Matter of Winter v Camp Scatico,
 
 7 AD2d 812;
 
 Matter of Derion v Gilford Mfg. Co.,
 
 282 App Div 788, with
 
 Matter of Gurewicz v 107 N. Fifth St. Corp.,
 
 48 AD2d 990;
 
 Matter of Zoeller v Fulton Stor. Warehouse Co.,
 
 33 AD2d 1084).
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed.