■ In the Matter of the Claim of ALBERT FABER, Respondent, v J. F. PITRE CLEANING CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed April 29, 1977, and an amended decision filed November 21, 1977. The carrier contends that when the employee with fixed time and place of work had left the premises for lunch he is outside the course of his employment and not entitled to workers' compensation benefits for injuries, if sustained during that period of time. The board found "in view of the unique circumstances of the within employment, including, but not limited to the job location on an island and availability of public transportation, limitations of the lunch hour, etc., the claimant was within the course of his employment when he sustained the injury in question. Claimant was on his way to the PX to buy his lunch and the workers were only allowed the use of the PX to buy lunch as they were not armed force personnel. In effect claimant was placed by his employer in a situation where he could not leave his place of employment (the island) for lunch and therefore under these circumstances an accident during lunch time would be a compensable injury." The record contains substantial evidence to sustain the finding of the board. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of CARL A. SALTER, Respondent, v JAMESVILLE DeWITT CENTRAL SCHOOL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed July 1, 1977, which affirmed a referee's decision and held that claimant's loss of earning capacity was due solely to a prior accidental injury. The board found "on the credible evidence, that claimant herein did not voluntarily remove himself from the labor market and that his loss of earning capacity is due solely to the accidental injury sustained on July 29, 1969." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.