■ In the Matter of LAWRENCE K. REID, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respon-

dent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education suspending petitioner's license to practice land surveying. Petitioner, a licensed land surveyor, was charged with unprofessional conduct, within the meaning of subdivision (9) of section 6509 of the Education Law, by the New York State Department of Education. In February, 1976, one Michael Mishkin, vice-president of NDI, Builders, Inc. (Developer), requested petitioner to update a land survey of the Morrisania section of New York City, which another surveying firm, Frank E. Towle & Son, Inc. (Towle) had completed in 1972. The earlier survey had never been paid for because the developer for whom it was made went out of business before the start of construction of the Morrisania project. According to Mr. Mishkin, Towle agreed to do the update for $600, but then demanded payment of the approximately $20,000 fee outstanding for the first survey in addition to the $600. Instead, Mishkin retained petitioner to do the work for $3,500. The Developer then furnished petitioner with the first survey. By letter and phone, a member of the Towle firm advised petitioner not to proceed with the update. Nevertheless, petitioner did complete the task, affixed his land surveyor's seal to it and gave the updated survey to the Developer. Thereafter, petitioner, in substance, was charged with and found guilty of unprofessional conduct: (1) in practicing the profession of land surveying under the name of "Stephen J. Reid, Co., Civil Engineers and City Surveyors" when there was, in fact, no professional engineers connected with his firm; (2) in affixing his professional seal to a survey, certifying same as true and accurate, when he had substantially copied the survey from the work of another without verifying the accuracy thereof; and (3) in affixing his professional seal to the afore-mentioned survey without placing a notation thereon to reflect the fact that the survey was copied from a prior survey made by another. Petitioner was also found not guilty of the charge that he copied the original survey after being warned not to use it by Towle. The findings of guilt were made after a hearing before the New York State Board for Land Surveying and Engineering Committee on Professional Conduct. The committee recommended as punishment that petitioner's license be suspended concurrently for one year on each charge, that the suspension on the first specification be stayed in its entirety if the petitioner removed the term "Civil Engineers" from his firm name and that the remaining suspensions be stayed for the last 11 months of the suspension periods. The Regents Committee unanimously adopted the hearing committee's findings of guilt, but modified slightly the penalty as follows: petitioner's license was ordered suspended for one year, the last 11 months of which were stayed and the petitioner was then to be placed on probation for one year. A condition of the probation was that he remove the term "Civil Engineers" from his firm name. The Board of Regents adopted the findings and determination of guilt of the hearing committee, as modified by the review committee. Finally, on June 18, 1979, the Commissioner of Education issued an order effectuating the action of the Board of Regents. This proceeding ensued. The petitioner first contends that the Commissioner of Education's determination that he was guilty of professional misconduct in using the firm name "Stephen J. Reid Co., Civil Engineers and City Surveyors" is in error since subdivision 5 of section 7209 of the Education Law authorizes his use of the firm name. We disagree. The commissioner concedes that petitioner may continue to use the firm name "Stephen J. Reid, Company", but his determination that petitioner engaged in unprofessional conduct is based on the conclusion that petitioner's use of the term "civil

engineers" in his advertising was deceptive and misleading within the meaning of the professional conduct regulations of the Board of Regents (8 NYCRR 29.1 [b] [12] [i] *[a]*). Pursuant to statute, the Board of Regents is authorized to promulgate regulations defining what is and what is not professional misconduct (Education Law, § 6509, subd [9]). Fraudulent or deceptive advertising is defined as a form of unprofessional conduct (8 NYCRR 29.1 [b] [12] [i] *[a];* and, of course, the construction which an administrative agency gives its own regulations must be upheld if it is not irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434). The commissioner's order relied on two undisputed factual findings in this regard: that petitioner maintained a sign over his business premises from July 11, 1974 until October 6, 1978, which indicated that a civil engineer was employed there, and that from July 11, 1974 until October 6, 1978, the petitioner did not have any licensed professional engineers on his payroll. Moreover, by including "civil engineers" in the name of his firm, the petitioner led potential customers to believe that a civil engineer was actually on staff. The findings of the Commissioner of Education that petitioner engaged in unprofessional conduct by use of misleading and deceptive advertising is, therefore, reasonable and supported by substantial evidence. Petitioner's second contention that his use of the survey done by Towle was not unprofessional conduct is likewise without merit. Petitioner knew the survey was made by Towle, but failed to give credit to Towle for it and also failed to indicate that his updated survey was in reality an alteration of the earlier Towle survey. Subdivision 2 of section 7209 of the Education Law reads as follows: "To all plans, specifications, plats and reports to which the seal of a professional engineer or land surveyor has been applied, there shall also be applied a stamp with appropriate wording warning that it is a violation of this law for any person, unless he is acting under the direction of a licensed professional engineer or land surveyor, to alter an item in any way. *If an item bearing the seal of an engineer or land surveyor is altered, the altering engineer or land surveyor shall affix to the item his seal and the notation 'altered by' followed by his signature and the date of such alteration, and a specific description of the alteration."* (Emphasis added.) Whether or not a particular survey is new work or just an alteration of what already exists is a question of fact, and the findings of fact of an administrative agency will not be disturbed unless those findings are so devoid of a factual basis in the record as to be arbitrary, unreasonable and hence an abuse of discretion *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The record indicates petitioner copied a 20-foot error in computing several tree elevations exactly as it was made in the original Towle survey, and the block lengths and angles were duplicated down to the thousandth part of a foot and to the tenth of a second. Those changes that were made were not significant in light of the amount of work that was involved in the initial Towle survey. We must conclude, therefore, that the findings of the commissioner are reasonable and supported by substantial evidence. Petitioner's violation of subdivision 2 of section 7209 of the Education Law was well established. Petitioner argues further that the law was not violated when he copied the Towle survey because "Towle did not claim a copyright for [it]." We reject this argument. Although it would be unconstitutional for the State Legislature or the Commissioner of Education to enact a statute or promulgate a regulation which forbids others from copying a map or survey unprotected by copyright *(Sears, Roebuck & Co. v Stiffel Co.,* 376 US 225,

229, 231-232; *Compco Corp. v Day-Brite Light.,* 376 US 234, 237), the statute in question only requires the copying surveyor to give credit where credit is due so as not to mislead others as to the source of the work. The determination of the Commissioner of Education should be confirmed as to each specification. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.