■ In the Matter of the Claim of LEONARD PARADISO, Respondent, v SEAL-TEST et al., Appellants, and SPECIAL FUND FOR DISABILITY BENEFITS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 30, 1980, which held that claimant had a 35% causally related moderate disability entitling him to a weekly compensation rate of $95. It is undisputed that claimant suffered a myocardial infarction as a result of a compensable industrial accident on August 13, 1976. Thereafter, he suffered a second myocardial infarction in February, 1977, ruled to be unrelated. The board ultimately determined that claimant had a causally related moderate disability related solely to the compensable 1976 accident, and awarded compensation benefits at a weekly rate of $95. The board computed the weekly compensation rate to be two thirds of $143.13, which figure is two thirds of the difference between claimant's weekly average wage before the accident of $408.98 and his wage-earning capacity after the accident, i.e., 65% of $408.98 or $260.85 (Workers' Compensation Law, § 15, subd 5; *Matter of Agostino v Trocom Constr. Corp.,* 77 AD2d 708). On this appeal, the employer and its carrier argue that the record lacks substantial evidence to support the board's decision in its assessment of the degree of disability attributable to the compensable infarction. They contend that the rate should be reduced in the proportion that causation is assignable

to the noncompensable injury (see *Matter of Pappas v Memorial Sloan Kettering Inst.,* 37 AD2d 887). While the board's medical expert, Dr. Cavouti, stated that it was impossible to apportion a degree of disability to the accident in which an infarction was superimposed, he did indicate that the first infarction resulted in a moderate partial disability. Apportionment of an award presents a factual issue for the board *(Matter of Saba v Adam's Refrigerated Trucking,* 61 AD2d 858). The board is free to accept or reject so much of the medical testimony as it found credible *(Matter of Carbonaro v Chinatown Sea Food,* 55 AD2d 756). We cannot say that the board's finding of a 35% disability is not supported by substantial evidence. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.