■ In the Matter of the Claim of SYLVESTER FABRIZIO, Respondent, v J. R. J. CONCRETE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 25, 1982. Approximately one year before he became 62 years of age, claimant, a construction foreman, left his employment because of pressure on the job. He thereafter worked intermittently while also receiving Social Security benefits. In May of 1976, he applied for a job in Iran. On June 3, 1976, claimant sustained injuries while employed by J. R. J. Concrete Corporation and he subsequently filed for workers' compensation benefits. He was awarded benefits and this appeal by the employer and its carrier ensued. The sole issue concerns the amount of the award. It is argued that claimant had limited his income after his injury in order to continue to receive his Social Security benefits and, therefore, the award should have been based on his actual earnings for the year prior to the accident (see *Matter of Pfeffer v Parkside Caterers,* 53 AD2d 753, affd 42 NY2d 59). Whether a claimant's accidental disability causes or contributes to his reduced earnings after retirement is a question of fact for the board's determination and, if supported by substantial evidence, the decision must be affirmed (*Matter of Yamonaco v Union Carbide Corp.,* 42 AD2d 1014). While at times claimant's testimony was somewhat contradictory, he did testify that he did not limit his income because of Social Security restrictions. He also testified that prior to his injury he had applied for construction work in Iran that would have required him to stay in Iran for one year and that he would have received between $60,000 and $70,000 for that job. The board concluded that claimant did not limit his income. Questions of fact and credibility were presented and such are within the sole province of the board to determine (*Matter of Salter v Jamesville DeWitt Cent. School,* 65 AD2d 641, 642). In our view, there is substantial evidence to support the board's determination and, accordingly, the decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.