■ In the Matter of the Claim of EDWIN HALLARMAN, Respondent, v A. HALLARMAN & HALLARMAN, P. C., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Mahoney, P. J.

Claimant and his brother, Alfred Hallarman, are prothodontists and officers of A. Hallarman & Hallarman, P. C., a professional corporation organized for the practice of den-

tistry. In April 1979, claimant contracted hepatitis "B" following exposure to an infected patient and was totally disabled from May 4, 1979 through January 7, 1980. After the corporate employer filed a report of injury with the Workers' Compensation Board, its corporate insurer controverted claimant's right to benefits. On October 2, 1980, the parties litigated, *inter alia,* the issue of claimant's right to reduced benefits subsequent to his return to work January 7, 1980. The Hearing Officer continued the case for further development of the reduced earnings issue. The insurer retained Joseph Levy, a certified public accountant, to report on claimant's earnings before and after the time he stopped working for the corporate employer. After a full examination of all appropriate records, Levy determined that claimant's earnings for the 12-month period prior to his disablement was $72,010 and calculated an average weekly wage of $1,384.81. The corporate insurer filed the Levy report with the Board.

On March 7, 1981, the Hearing Officer established "accident notice and causal relation * * * to hepatitis 'B' ". He also established $1,384.81 as claimant's average weekly wage in accordance with the Levy report and the stipulation of the parties. On February 9, 1982, the Hearing Officer awarded claimant temporary total disability benefits of $215 per week from May 4, 1979 through January 7, 1980 and reduced earnings benefits of $105 per week from January 7, 1980 through December 31, 1980.

On March 10, 1982, claimant requested the Hearing Officer to award him reduced benefits for 1981. After claimant's doctor testified to the lingering disability caused by claimant's exposure to hepatitis, the Hearing Officer awarded claimant reduced benefits of $105 per week from January 1, 1981 through December 31, 1981. The corporate employer and its insurer (hereinafter the employer), while conceding the validity of the $1,384.81 average weekly wage, nevertheless requested the Board to remit the case to the Hearing Officer to determine whether claimant's 1981 wage earning capacity included earnings in addition to his salary.

On February 24, 1984, the Board rescinded the award "without prejudice" and restored the case to the Hearing Officer's Calendar for the testimony of Levy and claimant's accountant on the reduced earnings issue. After taking such testimony, the Hearing Officer reinstated the reduced earnings benefits award on October 30, 1984. The employer again requested Board review. This time the employer did not challenge claimant's wage earning capacity. Rather, it dis-

puted the $1,384.81 average weekly wage which it had previously conceded was proper and which was the same derived from the Levy report submitted by the employer. It now insisted that the Board based claimant's average weekly wage not on the $72,010 annual earnings calculated by its own accountant, but on wage estimates made by the corporate insurer for the year 1979 to determine workers' compensation insurance premiums for the July 1978 to July 1979 policy period. This would have the effect of reducing claimant's reduced benefits from January 10, 1981 to December 31, 1981. The Board rejected this belated assault on its prior finding and on February 7, 1986 affirmed the reduced earnings award for 1981.

We affirm. The Workers' Compensation Law provides that if a temporary partial disability causes a "decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident" (Workers' Compensation Law § 15 [5]; see, Matter of Paradiso v Sealtest, 84 AD2d 621). Whether a claimant is entitled to reduced earning benefits pursuant to this provision is a factual issue within the Board's province to resolve, and the Board's resolution will be affirmed if supported by substantial evidence (Matter of Pfeffer v Parkside Caterers, 42 NY2d 59, 61; Matter of Fabrizio v J.R.J. Concrete Corp., 96 AD2d 611). Here, the Board correctly applied the statutory criteria and its award of reduced earnings benefits for the year 1981 has sufficient evidentiary support in the record. Claimant's predisablement average weekly wage based on the report of the employer's accountant was $1,384.81. Claimant's precipitous drop of nearly one sixth of his preaccident wages resulted from the physical impact of his hepatitis infection. The employer neither contradicts nor disputes this evidence of reduced earnings which the Board credited and relied upon. Since the Board's award to claimant of reduced earnings benefits for the year 1981 is supported by substantial evidence, it must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.