*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 25, 2016                    521983
_____

In the Matter of the Claim of
    JAMES FRANKLIN,
                    Appellant,
        v                              MEMORANDUM AND ORDER

NEW ENGLAND MOTOR FREIGHT
    et al.,
                    Respondents.

WORKERS COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

    Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

_____

Mulvey, J.

    Appeal from a decision of the Workers' Compensation Board,
filed April 14, 2015, which ruled, among other things, that
claimant sustained a causally-related loss of wage-earning
capacity.

    In June 2012, claimant, a tractor-trailer truck driver,
sustained a work-related injury to his lower back while
attempting to lift the rear door of his trailer to unload
freight.  He thereafter applied for and received workers'
compensation benefits for the initial period of total disability.
Claimant returned to work in January 2013, but was unable to
continue working after October 11, 2013 after experiencing pain

in his lower back and left knee while loading and unloading freight for the employer on that day.  In May 2014, a Workers' Compensation Law Judge found that the October 2013 injury to claimant's lower back was a recurrence of the June 2012 injury, classified claimant as having sustained a moderate temporary partial disability and found that claimant, when taking into consideration his vocational and educational background, had sustained a 75% loss of wage-earning capacity subsequent to January 13, 2014.  Upon review, the Workers' Compensation Board agreed that claimant had sustained a causally-related disability, but found that vocational factors may not be taken into account when making a determination of a temporary disability and, accordingly, reduced the award of benefits to reflect the moderate temporary disability rate.  Claimant now appeals.

We affirm.  The Board properly rejected claimant's argument that the Board may consider non-medical and vocational factors in determining his wage-earning capacity for the purpose of setting the compensation rate for his temporary disability.  Under the Workers' Compensation Law, "[f]or both temporary and permanent partial disabilities, the wage earning capacity of a claimant with no actual earnings is to be set by the Board at a reasonable level not greater than 75% of the claimant's previous full-time earnings, having due regard to the nature of his or her physical impairment" (Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d 1271, 1273 [2014] [internal quotation marks, brackets and citations omitted]; see Workers' Compensation Law § 15 [5-a]).  Workers' Compensation Law § 15 (5-a) includes "no reference to vocational factors" (Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1273).  Indeed, we have previously explained that "[v]ocational and functional considerations, such as a claimant's age, education, training, experience, restrictions and related factors, are appropriately taken into account with respect to loss of wage-earning capacity only as they are relevant to the duration of a claimant's permanent partial disability benefits" (Matter of Baczuk v Good Samaritan Hosp., 132 AD3d 1033, 1035 [2015]; see Workers' Compensation Law § 15 [3] [w]; Matter of Wormley v Rochester City Sch. Dist., 126 AD3d 1257, 1258 [2015]; Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [2015]; Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1273-1274; see also Employer: Longley Jones Mgt.

Corp., 2012 WL 1893410, 2012 NY Wrk Comp LEXIS 173 [WCB No. 6070 4882, May 21, 2012]; Employer: Buffalo Auto Recovery Serv., 2009 WL 5177881, 2009 NY Wrk Comp LEXIS 15501 [WCB No. 8070 3905, Nov. 12, 2009]; New York Workers' Compensation Handbook § 5.31 [1] [c]; [2]).  Accordingly, as the record medical evidence established that claimant had a temporary partial disability for the time period in question and that permanency had not yet been established, the Board's decision is supported by substantial evidence and will not be disturbed (see Matter of Canales v Pinnacle Foods Group LLC, 117 AD3d at 1274; Matter of Hallarman v Hallarman & Hallarman, 124 AD2d 458, 460 [1986]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 7, 44, 47-48 [2012]; cf. Matter of Baczuk v Good Samaritan Hosp., 132 AD3d at 1035).

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court