Matter of Vukotic v Prince Food Corp. (2024 NY Slip Op 00665)

Matter of Vukotic v Prince Food Corp.

2024 NY Slip Op 00665

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

CV-23-0290
[*1]In the Matter of the Claim of Dobrica Vukotic, Appellant,
v
Prince Food Corporation, Respondent, and Amtrust North America, Inc., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Law Office of Ralph Ankier, Latham (Lindsay M. Robert of counsel), for AmTrust North America, Inc., respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed February 9, 2023, which ruled, among other things, that claimant failed to demonstrate attachment to the labor market and rescinded his prior awards of workers' compensation benefits.
Claimant, a butcher, established a workers' compensation claim for an occupational disease involving his back, knees and legs and was awarded benefits. Following depositions and an ensuing hearing as to the degree of claimant's disability, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had an 80% temporary partial disability based upon the medical evidence, directed claimant to provide evidence of a work search every 60 days and continued awards at the temporary partial disability rate. Claimant administratively appealed that decision, claiming that he was temporarily totally disabled given his disability as well as other factors and that it was error to direct that he provide proof of labor market attachment.
At the next hearing approximately three months later, at which claimant provided testimony through an interpreter regarding his search for employment, the WCLJ found that claimant's evidence was insufficient to demonstrate his attachment to the labor market and suspended the awards. Claimant filed an administrative appeal from that decision. The Workers' Compensation Board considered both administrative appeals together and affirmed the WCLJ's decisions. This appeal ensued.
Claimant contends that the Board erred in failing to consider whether his disability, along with other nonmedical and vocational factors, warrants the application of the permissible inference as set forth in Matter of Zamora v New York Neurologic Assoc. (19 NY3d 186 [2012]) that his loss of wages was causally-related to his disability and that he was not required to demonstrate labor market attachment. Claimant's argument is misplaced. The Court of Appeals has found that the permissible inference that a subsequent loss of wages is attributable to physical limitations is applicable where a claimant has been classified with a work-related permanent partial disability (see id. at 192; Burns v Varriale, 9 NY3d 207, 216 [2007]). Here, claimant was found to have a temporary partial disability and no permanency classification has been made (see e.g. Matter of Marcy v City of Albany Fire Dept., 175 AD3d 765, 766-767 [3d Dept 2019]). As such, the potential application of the permissible inference is premature.
The "obligation and framework pre-classification" to demonstrate labor market attachment within medical restriction remains where a claimant is found to have a temporary partial disability (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1206 n [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Scott v Rochester City Sch. Dist., 125 AD3d 1083, 1084 [3d Dept 2015]). Given claimant's temporary partial degree of disability, "it was entirely proper for the Board to consider [*2]whether claimant remained attached to the labor market" (Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1293 [3d Dept 2018]; see Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [3d Dept 2021]; Matter of Scott v Rochester City Sch. Dist., 125 AD3d at 1083-1084).[FN1]
To the extent claimant challenges the finding of labor market attachment, substantial evidence supports the Board's determination that claimant did not demonstrate a timely, diligent and persistent job search within his medical restrictions or participation in vocational training so as to establish attachment to the labor market (see Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d 1243, 1244 [3d Dept 2022]; Matter of Kalembka v Slomins, Inc., 174 AD3d 1250, 1251-1252 [3d Dept 2019]). Although claimant asserts that consideration of nonmedical and vocational factors should be considered in relation to his disability and labor market attachment, "we have previously explained that vocational and functional considerations, such as a claimant's age, education, training, experience, restrictions and related factors, are appropriately taken into account with respect to loss of wage-earning capacity only as they are relevant to the duration of a claimant's permanent partial disability benefits" (Matter of Franklin v New England Motor Frgt., 142 AD3d 747, 748 [3d Dept 2016] [internal quotation marks, brackets, emphasis and citation omitted], lv denied 28 NY3d 910 [2016]).
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: As the permissible inference does not apply under the circumstances, claimant's challenges to the impropriety and constitutionality of a purported internal policy of the Board as to when to apply such inference need not be addressed.