Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of VICTUAE REMO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SKENANDOA COTTON COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — computation of earnings of employee who works only five days a week.**

Where a claimant under the Workmen's Compensation Law did not work regularly more than five days a week, the method of calculating his earnings given under subdivisions 1 and 2 of section 14 of the statute cannot "reasonably and fairly be applied." Under such circumstances the provisions of subdivisions 3 and 4 of said section, which require that the sum which "shall reasonably represent the annual earning capacity"

shall be taken as a basis and divided by fifty-two to determine the average weekly wages, become applicable.

Thus where the earnings of such employee, who worked only five days a week, amounted to a certain annual sum, including a bonus, his weekly wage should be determined by dividing said sum by fifty-two, and the award for the loss of a hand should be computed as two-thirds thereof per week for two hundred and forty-four weeks.

APPEAL by the defendants, Skenandoa Cotton Company and another, from an award, order and decision of the State Industrial Commission, entered in the New York city office of said Commission on the 16th day of June, 1919, and also from an award, order and decision of the said Commission entered in the Utica office of said Commission on the 18th day of December, 1918, allowing the claimant damages for the loss of a hand.

*Jeremiah F. Connor*, for the appellants

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The average weekly wages of an injured employee constitute the basis upon which to compute compensation. (Workmen's Compensation Law, § 14.) In this instance the Industrial Commission used a letter, written to it by the employer, to determine the weekly wages. The employer wrote: " Victua Remo worked nights, working five nights a week of 12 hours each or 60 hrs. at 29c an hour, $17.40. In addition to this rate anyone in our employ a year was to receive 12% additional to which he was receiving at the time of the accident." The employer inclosed with the letter a statement showing the earnings of the claimant during the previous year. This disclosed that the claimant worked for the employer during every week for fifty-two weeks; that he worked on the average sixty-one hours per week; that during the last ten weeks of his employment he was paid twenty-nine cents per hour, with a bonus of twelve per cent; that for the remaining forty-two weeks he was paid at a rate varying from twenty-two cents to twenty-three and one-tenth cents per hour, with a bonus. A monthly bonus was figured in as

a part of the earnings for the last week of each month. This statement is not contradictory to the letter of the employer, for the employer did not undertake to say that the sum of seventeen dollars and forty cents per week with bonus was the sum which the claimant received during the year, but only that this was the sum paid at the time of the accident. According to the statement, the correctness of which is undisputed, the claimant earned, during the year prior to the accident with bonus figured in, the sum of eight hundred and twenty-six dollars, which, divided by fifty-two made an average weekly wage of fifteen dollars and eighty-eight cents. As the claimant regularly worked no more than five days a week, the methods of calculation given in subdivisions 1 and 2 of section 14 of the Workmen's Compensation Law could " not reasonably and fairly be applied." Therefore, the provisions of subdivisions 3 and 4 of that section, which require that the sum which " shall reasonably represent the annual earning capacity " be taken as a basis, and divided by fifty-two, to determine the average weekly wages, became applicable. As said in *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369): " If the nature of the employment does not permit steady work during substantially the whole of the year the annual earning capacity of the injured employee in the employment is the proper basis of compensation. (§ 14, subd. 3.) The true test is this: What were the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of · discontinuousness?" Since the actual annual earning capacity of the injured employee was eight hundred and twenty-six dollars, and his average weekly wages were fifteen dollars and eighty-eight cents, the amount which should have been allowed to the claimant was two-thirds thereof, or the sum of ten dollars and fifty-nine cents per week for two hundred and forty-four weeks.

The award should be modified accordingly.

Award modified as per opinion, and as so modified, unanimously affirmed.