◼ In the Matter of the Claim of DELLA R. TERRY, Respondent, against CITY OF GLENS FALLS, ELECTION BOARD, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board which allowed disability compensation to claimant for 10% schedule loss of use of her right foot. During 1953, claimant was employed as an election inspector. She worked on Primary Day, four registration days and Election Day and received a total of $13 per day. At other times she worked as a baby sitter. During the course of her employment on Election Day she sustained injuries when she slipped and fell. The board established an average weekly wage of $50 by applying the formula set forth in subdivision 3 of section 14 of the Workmen's Compensation Law. That section provides that if subdivisions 1 and 2 are inapplicable, the average annual earnings of the employee "shall be such sum" as shall "reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident, provided, however, his average annual earnings shall consist of not less than two hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed". In applying this formula the board multiplied claimant's daily wage of $13 by 200 and then divided by 52 to establish her average weekly wage. Appellants contend that claimant's actual annual earnings of $78 as an election inspector should be used to compute her average weekly wage at $1.50. The result reached here may seem unreasonable but it is imposed on us by the legislative enactment. Under all the circumstances we believe the board applied the correct method. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.