■ WILLIAM W. MILLINGTON, Appellant, v. WILLIAM DABINETT et al., Respondents.— Appeal from an order of the Supreme Court denying plaintiff's motion for summary judgment. The action is brought under article 15 of the Real Property Law for the determination of a claim to real property and seeks an adjudication of title and that plaintiff be awarded possession of the real property described in the complaint. The motion was made on January 5, 1959 pursuant to rule 113 of the Rules of Civil Practice. There was no provision in rule 113 as it existed at the time this motion was made for summary judgment in an action of this nature. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of GEORGE R. BATAL, Respondent-Appellant, against LOUIS MAYERSOHN et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier and cross appeal by the claimant from a decision and award of the Workmen's Compensation Board. The claimant was a school teacher who during his vacation and the hours when he was not teaching performed such jobs as selling books, painting, umpiring baseball games, planting and mowing lawns and counseling at a summer camp. During his summer vacation in 1954 he went to work for a construction company and the second day sustained a serious injury resulting in his becoming a paraplegic. He returned to teaching on a part-time basis in April, 1955 and on a full-time basis on September 1, 1955. The board held the claimant's employments as a teacher and a laborer were "dual and dissimilar", it established his average weekly wage under subdivision 3 of section 14 of the Workmen's Compensation Law and made an award of $34.87 per week up to September 1, 1955 and $31.39 per week thereafter based on a 10% earning capacity. The facts in this record present ample support for the determination that the employments were "dual and dissimilar" (*Matter of Brannigan* v. *Terzakis,* 285 App. Div. 980 affd. 309 N. Y. 892). The award was made without regard to the claimant's earnings as a teacher and was not restricted to only the Summer months. Since it could be found that subdivisions 1 and 2 of section 14 could not reasonably and fairly be applied the board could properly utilize the procedure of subdivision 3 and while the resulting award may seem excessive it is the result mandated by the statute (*Matter of Terry* v. *City of Glens Falls,* 2 A D 2d 625, motion for leave to appeal denied 1 N Y 2d 644; *Matter of Chromey* v. *Argentieri,* 10 A D 2d 749). Since no proof was offered on the point we would be inclined to return the case to the board for proof of actual earnings by the claimant in addition to his salary as a teacher were it not quite clear from this record that there were no such earnings. The claimant indicated that he was ill during the Summer of 1957 and the board has made the continuation of the award after July 15, 1958 contingent upon no change in "condition or earnings". In the absence of actual earnings the board has the power to determine wage earning capacity and its finding of a 10% earning capacity after September 1, 1955 should not be disturbed. Decision and award unanimously affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and the claimant, with printing disbursements to each. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.