In the Matter of the Claim of JOHN V. EDNIE, JR., Respondent, v. FIVE STAR BEVERAGE CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of disability compensation. Claimant worked five days per week as a school teacher and one day per week (Saturday) as a route salesman for the employer appellant. In the latter employment he sustained an accidental 100% permanent loss of vision of the right eye, for which a schedule award has been made. The only issue raised concerns the method used by the board in arriving at claimant's average weekly wage. The board determined that claimant's average daily wage in the subject employment was $16.34. It then computed the average weekly wage by applying the 200 multiple divided by 52, in accordance with subdivision 3 of section 14 of the Workmen's Compensation Law, and established an average weekly wage of $62.84, with a compensation rate of $41.89. This exceeded his actual earnings in the subject employment. This is a case of dual and dissimilar employment. There was no voluntary limitation of employment by claimant. Notwithstanding the provisions of subdivision 6 of section 15 of the Workmen's Compensation Law, the board was authorized by section 14 to make the award which it did. (Matter of Stallone v. Liebmann Breweries, 12 A D 2d 716, affd. 10 N Y 2d 907.) Award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur; Herlihy, J., dissents, in the following memorandum: The claimant's principal occupation was that of a school teacher. The only available day he had for extra work was Saturday and he worked on that day for the employer herein who stated he only had work for the claimant one day a week. He was paid $15 a day with the opportunity of earning up to $20 a day depending upon his sales. The board affirmed the determination of the Referee of an average weekly wage of $62.84 with the compensation rate of $41.89, approximately $25 more per week than the claimant was earning from this employer. On the basis of a 52-week year the compensation rate earnings would be $2,178.28, while the record discloses the claimant's actual earnings from this employer for the prior year amounted to $862.50. Such a result, as found by the board, is economically unsound and certainly could not have been the intendment of the Legislature when enacting the law. There was also proof in the record that a regular five-day a week employee of the employer, doing the same kind of work, received, including overtime, $50 per week. The consequence of this evidenc was to mandate the application of subdivision 2 of section 14 of the Workmen's Compensation Law. The board found " that claimant did not limit his wage earning capacity in any way ". However, it is obvious that the claimant's wage earning capacity with this employer was restricted in that he had one day a week to work aside from his regular employment of teaching. It would be specious to assume that the claimant would give up his teaching profession if this employer offered work on other days besides Saturday. Furthermore, it appears from the payroll statement in the record that the claimant worked for this employer only on Saturday throughout each of the 52 weeks prior to the injury. In sum, the claimant limited his wage earning capacity to one day a week. On the basis of the above facts, the finding of the board is not supported by substantial evidence.

The decision should be reversed and the matter remitted to the board to make proper findings in conjunction with section 14 and subdivision 6 of section 15 of the Workmen's Compensation Law.