■ In the Matter of the Claim of MARTIN MARLIN, Respondent, v. Y & N CAB CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of the Workmen's Compensation Board on the sole ground that the board erroneously fixed claimant's wage rate pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law at an amount exceeding his actual earnings in the subject employment, contrary to subdivision 6 of section 15 of the Workmen's Compensation Law. This is clearly a case of dual and dissimilar employment. Claimant worked five days per week as a school teacher, and part time, usually week ends, as a cab driver. In the latter employment he was injured. The board has followed the authorized method (Workmen's Compensation Law, § 14, subd. 3) in determining the average weekly wage. That the board might do so, on the undisputed facts in this case, is not an open question in this court. (*Matter of Stallone* v. *Liebmann Breweries,* 12 A D 2d 716, affd. 10 N Y 2d 907; *Matter of Ednie* v. *Five Star Beverage Co.,* 16 A D 2d 845.) Award affirmed, with costs to the Workmen's Compensation Board. Coon, J. P., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in the following memorandum: I do not agree with the principle of law that is being applied to this line of cases (see dissents in the cases cited in the majority memorandum), but feel constrained to affirm on the authority of *Matter of Stallone* v. *Liebmann Breweries* (10 N Y 2d 907).