■　In the Matter of the Claim of PETER BIRTOLO, Respondent, v. FIRST HOUSING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 20, 1972. Claimant, a tenant and shareholder in a co-operative housing development corporation, severely injured his left eye while performing work for the co-operative when a drill which he was using broke and entered the eye. On a prior appeal (*Matter of Birtolo* v. *First Housing Co.*, 35 A D 2d 1079, mot. for lv. to app. den. 28 N Y 2d 483), it was determined that the claimant was an employee of the co-operative covered by the employer's workmen's compensation insurance policy. Claimant worked only on a part-time basis for the co-operative receiving no actual salary, but deriving benefits by reason of reduced costs in operation of the co-operative. Claimant was also employed elsewhere on a full-time basis as a waiter. The board had determined that claimant has a 100% schedule loss of vision in his left eye due to the accidental injury, and, pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law, arrived at an average weekly wage of $92.30 with a weekly compensation rate of $55. Appellants contend that the findings of 100% schedule loss of vision and of an average weekly wage of $92.30 are not supported by substantial evidence. There is medical evidence in the record that claimant's vision cannot be corrected by the use of spectacles, since they cause double vision. There is also evidence that, if claimant wore a contact lens for five hours, the eye became irritated; that claimant became photophobic and developed iritis requiring antibiotic treatment; that the use of a contact lens precipitated irritability and photophobia; that recurrent flare-ups in the injured eye could produce an irritability in the good eye; and that it was recommended that claimant not use contact lenses or spectacles. It thus appears that there is substantial evidence in the record to support the board's determination on the question of loss of vision. (*Matter of Clippard* v. *Costello Concrete Co.*, 36 A D 2d 786, affd. 30 N Y 2d 628.) Appellants further question the computation of a weekly wage of $92.30 for the claimant. It was stipulated that claimant's hourly wage in his employment at the co-operative was $3 per hour. Claimant testified that for over 20 years he had worked on an average of one eight-hour day a week. The board found that his daily wage was $24. Applying the formula set forth in subdivision 3 of section 14 of the Workmen's Compensation Law, his average weekly wage amounts to $92.30, and he was entitled to the award of compensation in the sum of $55 per week. (*Matter of Zoeller* v. *Fulton Stor. Warehouse Co.*, 33 A D 2d 1084; *Matter of Goldsmith* v. *Terminal System*, 19 A D 2d 678, mot. for lv. to app. den. 13 N Y 2d 599; *Matter of Stallone* v. *Liebmann Breweries*, 12 A D 2d 716, affd. 10 N Y 2d 907.) The determination of the board must, therefore, be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.