In the Matter of the Claim of FIORENCIO ANDUJAR, Respondent, v. MORE CANDY CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed September 26, 1972, which held that use of the 260 multiple in computing claimant's average weekly wage under section 14 of the Workmen's Compensation Law was proper. Claimant was injured in a compensable accident on September 14, 1971. The board found, and it is not disputed, that since December 15, 1970, claimant had been employed on the basis of a four-day work week of 10 hours per day. Finding merely that claimant was a " full-time worker ", the board affirmed the Referee's use of the 260 multiple. Respondent contends this is correct since claimant was working the same 40-hour week as when he had worked a five-day week of eight hours per day. It seems that the board would have had to apply subdivision 1 or subdivision 2 of section 14 of the Workmen's Compensation Law to arrive at a 260 multiple, but no mention is made in the board's decision as to which, if either, of these provisions was deemed to be applicable. Neither of these subdivisions could apply, however, since they are restricted in their operation to five-day workers, and do not speak in terms of " full time " or of the number of hours of employment. Claimant was not and could not have been found to be a five-day worker. It is thus clear that only subdivision 3 could have been employed in computing average annual earnings (from which average weekly wage is derived under subdivision 4), since subdivisions 1 and 2 could not " reasonably and fairly be applied ". The respondent would have us assume that the 260 multiple was arrived at by employing subdivision 3, but such an assumption would not be founded upon substantial evidence. Moreover, the application of a 260 multiple merely because claimant was a " full time " worker would be without statutory basis. We, therefore, conclude that subdivision 3 would be applicable, but that use of a 260 multiple has no basis in law nor support in the record. In remitting this matter to the board for computation of a proper multiple, we direct the board to find that claimant was a four-day worker, since that is the only finding which could be supported by substantial evidence. On the present record we note that claimant will not be prejudiced by the use of a lower multiple determined pursuant to subdivision 3 upon consideration of claimant's status as a four-day worker. His employment for the same number of total hours per week as a five-day, eight-hour worker who receives the same hourly pay will be reflected in a higher average daily wage which will be multiplied by the lower figure which the board shall determine. Claimant is thus not losing anything; rather, his compensation will be based on his true wage-earning capacity. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.