■ In the Matter of the Claim of JOSEPH GUREWICZ, Respondent, v 107 N. FIFTH ST. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 23, 1974. It is not disputed that claimant, a part-time bartender, sustained a compensable accident on May 6, 1972. The sole issue is how the computation of benefits should be handled. The board found that claimant sustained a schedule loss of 7½% of the left arm. However, since claimant only worked one day a week as a bartender for which he earned $25, the board computed the award pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law resulting in an average weekly wage of $96.15 and a rate of $64. The board could properly utilize this method on the instant record (e.g. *Matter of Birtolo v First Housing Co.,* 41 AD2d 872; *Matter of Ednie v Five Star Beverage Co.,* 16 AD2d 845; *Matter of Stallone v Liebmann Breweries,* 12 AD2d 716, affd 10 NY2d 907). Appellants would in effect have this court overrule these prior decisions but it is properly a function of the Legislature to effect such a change and it has not done so in the 15 years since the decision in *Stallone.* Nor is the limitation contained in subdivision 6 of section 15 of the Workmen's Compensation Law applica-

ble since involved here is a schedule award. Accordingly, the decision of the board must be upheld. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P.J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.