■ In the Matter of the Claim of JEANETTE McMORRIS, Respondent, v MONTGOMERY COUNTY AGRICULTURAL SOCIETY et al., Appellants; TRIBES HILL FIRE DEPARTMENT CORP., et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed December 24, 1971 and January 17, 1975. Appellants, hereinafter the Fair Society, operate the annual Montgomery County Fair. Each year during fair week, one day is set aside as firemen's day when various fire companies provide a portion of the entertainment on the grounds along with fire department auxiliaries, selected marching bands and drum and bugle corps. Claimant, a volunteer fireman, had been selected by the Montgomery County Firemen's Association to be chairman of the firemen's day activities and the Fair Society designated him as their superintendent of the departments for drum corps and music and for fire department activities for the year 1967 as he had been so designated for some years prior thereto. His duties included the responsibility of co-ordinating the firemen's activities, and those of various parade units on the grounds, with other regularly scheduled fair entertainment. His efforts necessitated attendance at various fair board meetings and independent search for band and drum corps talent. Claimant received payment for these services from the Fair Society in the amount of $60, encompassing two days' work, from which social security taxes were deducted. Prize money paid to the various participating units was furnished by the Fair Society. In the course of the exercise of his duties as such superintendent on September 3, 1967, claimant sustained a heart attack. The board found an employer-employee relationship existed between claimant and the Fair Society and has established an average weekly wage of $115.38 based upon the 200 multiple (Workmen's Compensation Law, § 14, subd 3). Considering the record in its entirety, rather than any one

factor, we find there is substantial evidence in this record to support the board's determination of an employer-employee relationship *(Matter of King, v Kelley,* 41 AD2d 798; *Matter of Baker v Burnett's Contr. Co.,* 40 AD2d 741). Similarly, we find substantial evidence to support the decision that determines the average weekly wage by the application of subdivision 3 of section 14 of the Workmen's Compensation Law. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.