■ In the Matter of the Claim of JOSEPHINE MIRANDA, Respondent, v NATIONAL MEDICAL CARE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 11, 1975. The sole issue on this appeal is the method used by the board to determine the claimant's average weekly wage. The claimant was regularly employed five days a week as a learning consultant at a $3,000 annual salary at a parochial school. On Saturdays she worked as a dialysis technician at a daily wage of $38 for the appellant employer herein. While in the course of her employment as a technician, claimant contracted a disabling occupational disease which precluded her from working in either capacity. The claimant's concurrent dual employment as a dialysis technician and as a learning consultant were dissimilar and, therefore, in computing the rate of her compensation benefit, her average weekly wage as well as her subsequent earning capacity must be based on her earnings in the employment where she contracted the disabling hepatitis (as dialysis technician). The referee multiplied the sum of $38 which claimant earned on Saturdays by 200 and divided by 52 to arrive at an average weekly wage of $146.15 (Workmen's Compensation Law, § 14, subd 4). Therefore, the referee concluded that claimant was entitled to a temporary total disability at the maximum rate of $95 a week (Workmen's Compensation Law, § 15, subd 6, par [b]). The average annual earnings used by the board for the purpose of computing her compensation benefits thus exceeded the total amount of wages that claimant actually received from both jobs. The anomalous and apparently inequitable result arising under these circumstances has heretofore been considered and affirmed by the Court of Appeals (Matter of Stallone v Liebmann Breweries, 12 AD2d 716, affd 10 NY2d 907). Appellants herein urge the claimant limited her participation in the labor market and thus would be an exception to the rules set forth in Matter of Stallone (supra). We have considered the record herein in this case of dual and dissimilar employment and find that there was no voluntary limitation of employment by the claimant (Matter of Marlin v Y & N

*Cab Corp.,* 17 AD2d 876; *Matter of Ednie v Five Star Beverage Co.,* 16 AD2d 845). We are constrained by the authority of *Matter of Stallone (supra)* to affirm the board. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.