■ In the Matter of the Claim of KENNETH REASONER, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Weiss, J.

The sole issue on appeal is whether the Board properly fixed claimant's average weekly wage. The employer and its carrier contend that claimant's employment as a MVRSAB member

was so limited that his compensation rate should be based on actual earnings, not the 200 multiple set forth in Workers' Compensation Law § 14 (3) (*see, Matter of Jacob v Town of Glenville,* 43 AD2d 409; *Matter of Derion v Gilford Mfg. Co.,* 282 App Div 788). The record shows that claimant was expected to attend an average of two or three meetings per year. Here, the Board could readily determine that neither Workers' Compensation Law § 14 (1) nor (2) was applicable, leaving Workers' Compensation Law § 14 (3) as the appropriate formula. The only exception would be if claimant voluntarily limited his participation in the labor market (*see, Matter of Miranda v National Med. Care,* 59 AD2d 962, *lv denied* 43 NY2d 647; *Matter of Stallone v Liebmann Breweries,* 12 AD2d 716, *affd* 10 NY2d 907). In view of claimant's testimony that he was available to attend as many meetings as required and his continued operation of the television repair business, we find ample basis from the entire record to support the Board's calculation of the average weekly wage pursuant to Workers' Compensation Law § 14 (3) (*see, Matter of Terry v City of Glens Falls, supra; see also, Matter of McMorris v Montgomery County Agric. Socy.,* 50 AD2d 644; *Matter of Gurewicz v 107 N. Fifth St. Corp.,* 48 AD2d 990; *Matter of Birtolo v First Hous. Co.,* 41 AD2d 872).

Decision affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.