■ In the Matter of the Claim of JOHN MUSTO, Appellant, v ASPLUNDH TREE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 751] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 1, 1997, which established claimant's average weekly wage.

Claimant (then age 69) was injured in September 1993 when he was struck by a motor vehicle while engaged in his employment as a flag person. The accident, which left claimant various injuries, occurred on his third day of work. Claimant's subsequent application for workers' compensation benefits was granted; however, the amount of his average weekly wage became a matter of dispute due to the brief duration of claimant's employment. The Workers' Compensation Board ultimately determined that claimant had been hired on a part-time, on-call, nonunion basis and it accordingly calculated his average weekly wage pursuant to Workers' Compensation Law § 14 (3) by averaging the salaries of two individuals who had been employed under similar conditions, arriving at the figure of $176.63 per week.

Claimant appeals, contending that this amount was too low. He argues that he was hired as a permanent, full-time (40-hour per week) employee at the rate of $12 per hour, with the result that his average weekly wage should have been set at $480 (on the basis of a 260-day work year) or, at the very least, at $369.23 (on the basis of a 200-day work year) (*see*, Workers' Compensation Law § 14 [3]). We disagree.

Substantial evidence supports the Board's finding that claimant was employed as a part-time, temporary worker and that the amount of his benefit payments was correctly calculated by averaging the weekly salaries of similarly situated employees. Included in the evidence presented at the administrative hearing was the testimony of claimant's supervisor who stated that he had advised claimant at his job interview (as he routinely advises all individuals hired in this position) that the job would be on a part-time, as-needed basis, i.e., that work would be assigned to employees when and if they were needed, from a list of available individuals, in order of their seniority. It is noteworthy that under this system, claimant's was the penultimate name on a list of approximately 50 workers.

On his own behalf, claimant testified that it was his understanding that he was hired as a permanent, full-time employee. He produced no documentation to substantiate this assumption, however, and he conceded that he was never directly advised that his job would be either permanent or full time. Resolution of the conflict between claimant's testimony and that of the employer's representative lay within the province of the Board (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675). As substantial evidence supports the Board's decision, it will not be disturbed (*see, Matter of Pfeffer v Parkside Caterers*, 42 NY2d 59, 62). Claimant's remaining contentions have been examined and found to be unpersuasive.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.