■ In the Matter of the Claim of PATRICIA SERVIDIO, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 587] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 18, 2001, which, inter alia, determined that claimant had voluntarily limited her availability for work.

Claimant suffered work-related arm, shoulder and neck injuries while employed as a part-time, per diem nurse for the employer. The employer and its workers' compensation carrier

(hereinafter collectively referred to as the employer) did not controvert claimant's claim for workers' compensation benefits. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had never limited her availability for work and, thus, calculated her average weekly wage as $845.81, using her average daily wage for the 90 days she had worked that year and the "200" multiplier provided by Workers' Compensation Law § 14 (3), a formula applicable only to those occasional employees who are fully available for work. The WCLJ subsequently made awards based upon this average weekly wage.

The employer sought review before the Workers' Compensation Board, proffering a memorandum authored by its nurse care coordinator stating that claimant had limited her availability for scheduled shifts. On review, the Board determined, from all of the evidence, that claimant had voluntarily limited her availability for work thereby precluding application of the "200" multiplier provided by Workers' Compensation Law § 14 (3), and established claimant's average weekly wage as $380.60, modifying the WCLJ's awards accordingly. On claimant's appeal, we affirm.

Claimant's principal contention is that the Board erred by failing to apply the statutory "200" multiplier which she argues was required because she did not voluntarily limit her availability for work. The employer responds that the Board properly determined that claimant had voluntarily limited her availability for work.

Initially, the Board did not abuse its discretion when it considered the nurse care coordinator's memorandum because the Board, in its discretion, may accept and credit new evidence proffered in an application for Board review where, as here, the applicant offers an explanation for the failure to present the evidence in the first instance to the WCLJ (*see* 12 NYCRR 300.13 [g]; *see also Matter of Heustis v Teriele*, 193 AD2d 934, 935; *cf. Matter of Cutting v Richard W. Nezelek, Inc.*, 293 AD2d 829, 831). Claimant's contention, raised for the first time on appeal, that she was denied an opportunity to cross-examine the nurse coordinator was never raised before the Board in her rebuttal to the application for Board review and, thus, is not properly before this Court (*see Matter of Hemeda v Sbarro, Inc.*, 289 AD2d 784, 785, *lv denied* 98 NY2d 602; *Matter of Ellis v County of Tompkins*, 274 AD2d 766, 767).

The formulae for calculating a claimant's average weekly wage are set out in Workers' Compensation Law § 14, including a provision establishing the minimum average annual wage

as "not less than two hundred times the average daily wage or salary which [claimant] shall have earned in such employment during the days when so employed" (Workers' Compensation Law § 14 [3]). However, "[t]he 200 multiple method is properly used to compute the average weekly wage of a part-time or intermittent employee only where there has been a finding that the employee was 'fully available' for the employment at issue" (*Matter of Pease v Anchor Motor Frgt.*, 158 AD2d 820, 821, *lv dismissed* 76 NY2d 772, quoting *Matter of Pfeffer v Parkside Caterers*, 42 NY2d 59, 60), and should not be applied if a claimant has voluntarily limited his or her availability for work (*see Matter of Reasoner v New York State Dept. of Motor Vehs.*, 110 AD2d 962, 963).

Addressing the merits, the Board's determination that claimant voluntarily limited her availability for work and its calculation of her average weekly wage are supported by substantial record evidence, including the nurse coordinator's memorandum, payroll evidence and testimony, and must be affirmed (*see Matter of Pfeffer v Parkside Caterers, supra* at 61). The nurse coordinator attested that claimant voluntarily limited her availability for scheduled work by "call[ing] in her available dates and shifts on a monthly basis"; while claimant testified that she was available for work "as often as necessary" and never turned down an on-call request to work, the Board was entitled to resolve credibility related issues (*see Matter of Musto v Asplundh Tree*, 259 AD2d 909, 910, *lv dismissed* 94 NY2d 797, *lv denied* 95 NY2d 760). Further, the Board did not err when it concluded that claimant had limited her availability for scheduled work notwithstanding her availability on an on-call basis and in declining to apply the "200" multiplier when calculating claimant's average weekly wage.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.