In the Matter of the Claim of JAMES KELLISH, Appellant, v KELLISH TIRE SALES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 238]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 2003, which, inter alia, established claimant's average weekly wage.

Claimant suffered a work-related injury on December 22, 1999 and applied for workers' compensation benefits in 2001. Claimant was being trained to take over ownership and management of the employer, which was run by claimant's father. It is undisputed that claimant worked one day a week, and received $126 and health insurance for that work. Claimant challenged a proposed finding that his average weekly wage was $126, arguing that his average weekly wage should be set pursuant to Workers' Compensation Law § 14 (3) and that the employer's health insurance payments should have been included as part of his wages. A Workers' Compensation Law Judge found that the average weekly wage had been appropriately set at $126, and the Workers' Compensation Board affirmed. Claimant appeals.

We affirm. The methods for calculating a claimant's average weekly wage are found in Workers' Compensation Law § 14, which include the setting of average annual earnings at 200 times "the average daily wage or salary which he shall have earned in such employment during the days when so employed,"

which are then divided by 52 to reach the average weekly wage (Workers' Compensation Law § 14 [3], [4]; *see Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686-687 [2002]; *Matter of Reasoner v New York Dept. of Motor Vehs.*, 110 AD2d 962, 962 [1985]). The 200 multiplier in Workers' Compensation Law § 14 (3) applies only where a part-time employee is fully available for the employment at issue, and will not be applied if a claimant has voluntarily limited his or her work availability (*see Matter of Servidio v North Shore Univ. Hosp., supra* at 687; *Matter of Pease v Anchor Motor Frgt.*, 158 AD2d 820, 821 [1990], *lv dismissed* 76 NY2d 772 [1990]).

The Board's determination that claimant voluntarily limited his work availability and resulting calculation of his average weekly wage are supported by substantial evidence and will not be disturbed (*see Matter of Pfeffer v Parkside Caterers*, 42 NY2d 59, 61 [1977]; *Matter of Servidio v North Shore Univ. Hosp., supra* at 687). The undisputed evidence is that claimant was required to work one day a week, but that the day was not fixed and, as a result, he needed to be available to work six days a week, with serious limitations placed upon his ability to take other work. Claimant accepted these conditions in expectation that he would take over the business as manager and president upon the anticipated retirement of his father in 2001, and did only limited unrelated work. As such, the Board could properly find that "claimant voluntarily limited his participation in the labor market" (*Matter of Reasoner v New York State Dept. of Motor Vehs., supra* at 963; *see Matter of Pease v Anchor Motor Frgt., supra* at 821).

We also reject claimant's argument that insufficient evidence exists to find that the employer's payments for his health insurance were not part of his wage, as the statutory language does not include health insurance payments in the definition of wages (*see* Workers' Compensation Law § 2 [9]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.