Mercure, J.P
Appeal from a decision of the Workers’ Compensation Board, filed December 24, 2010, which, among other things, established claimant’s average weekly wage.
Claimant, a part-time nurse, suffered a work-related shoulder injury in January 2009. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) did not controvert the resulting claim for workers’ compensation benefits, but took issue with the method used to calculate *1408 claimant’s benefits. Following a hearing, a Workers’ Compensation Law Judge determined that, inasmuch as claimant was employed part time, Workers’ Compensation Law § 14 (3) was appropriately used in the calculation of her average weekly wage. The Workers’ Compensation Board affirmed that determination, and the carrier now appeals.
We affirm. The calculations to be used in determining a claimant’s average weekly wage are set forth in Workers’ Compensation Law § 14 and include a provision applicable to part-time employees (see Workers’ Compensation Law § 14 [3]; Matter of Servidio v North Shore Univ. Hosp., 299 AD2d 685, 686-687 [2002]). This provision does not apply, however, where the claimant voluntarily limits his or her participation in the labor market (see Matter of Kellish v Kellish Tire Sales, Inc., 12 AD3d 804, 805 [2004]; Matter of Servidio v North Shore Univ. Hosp., 299 AD2d at 687). Although the carrier contends that claimant voluntarily limited her hours, the only evidence proffered on the subject was claimant’s testimony that her position as a recovery room nurse required her to work only three days a week. Claimant explained that she was not seeking to limit her hours and that she had never indicated to the employer that she was unavailable to work more hours. In light of that testimony, her statements that she did not want to work full time and felt “fortunate” to have a job that required her to work only three days a week did not disqualify her from the provisions of Workers’ Compensation Law § 14 (3). Accordingly, substantial evidence supports the Board’s determination to use the method in Workers’ Compensation Law § 14 (3) to calculate claimant’s average weekly wage (see Matter of Fletcher v Wegmans, 24 AD3d 1015, 1016 [2005], lv denied 6 NY3d 710 [2006]; Matter of Reasoner v New York State Dept. of Motor Vehs., 110 AD2d 962, 963 [1985]).
Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.