Matter of Bain v New Caps, LLC (2018 NY Slip Op 00369)





Matter of Bain v New Caps, LLC


2018 NY Slip Op 00369


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

524589

[*1]In Matter of the Claim of DAVID BAIN, Claimant,
v
NEW CAPS, LLC, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Segal, McCambridge Singer & Mahoney, Ltd., New York City (Thomas Park of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed May 4, 2016, which established claimant's average weekly wage.
Claimant, while working as a production assistant, suffered a work-related injury to his neck and back when the vehicle he was in was hit from behind. The employer and its workers' compensation carrier submitted a wage earnings statement reflecting that claimant earned $2,950 during the 52-week period preceding the accident, as well as $2,121.81 from other
employers. Based upon claimant's total earnings, the employer asserted that claimant's average weekly wage should be calculated using a 52-week divisor, resulting in an average weekly wage of $97.53 [FN1]. The Workers' Compensation Board, finding that claimant had worked for the employer for 16 days in the preceding 52-week period and noting the absence of proof that [*2]claimant was not fully available for employment, used the 200 multiplier set forth in Workers' Compensation Law § 14 (3) and set claimant's average weekly wage at $709.15. The employer and the carrier appeal.
We affirm. Workers' Compensation Law § 14 provides the method for calculating an employee's average weekly wage. Where, as here, Workers' Compensation Law § 14 (3) applies, an employee's annual average earnings must be computed based on "such sum as . . . shall reasonably represent the annual earning capacity of the injured [claimant] in the employment in which he [or she] was working at the time of [his or her] accident [and] consist of not less than two hundred times the average daily wage or salary which he [or she] shall have earned in such employment during the days when so employed." That total is then divided by 52 weeks to reach the average weekly wage (see Workers' Compensation Law § 14 [4]). "However, the 200 multiple method is properly used to compute the average weekly wage of a part-time or intermittent [claimant] only where there has been a finding that the [claimant] was fully available for the employment at issue, and should not be applied if a claimant has voluntarily limited his or her availability for work" (Matter of Servidio v North Shore Univ. Hosp., 299 AD2d 685, 687 [2002] [internal quotation marks, brackets and citations omitted]; see Matter of Hahn v Brylin Hosp., 95 AD3d 1407, 1408 [2012]; Matter of Kellish v Kellish Tire Sales, Inc., 12 AD3d 804, 805 [2004]).
Here, the record establishes that claimant worked for the employer sporadically and on an as-needed basis in the 52-week period before the accident. Although the employer submitted checks that related to additional earnings by claimant during the 52-week period, no evidence was presented to demonstrate that claimant voluntarily limited his availability for work with the employer. Absent such evidence, the Board's use of the 200 multiplier in determining claimant's average weekly wage is supported by substantial evidence and will not be disturbed (see Matter of Hahn v Brylin Hosp., 95 AD3d at 1408; Matter of Barnard v John Mezzalingua Assoc., Inc., 36 AD3d 1055, 1055-1056 [2007]; Matter of Reasoner v New York State Dept. of Motor Vehs., 110 AD2d 962, 963 [1985]; cf. Matter of Kellish v Kellish Tire Sales, Inc., 12 AD3d at 805; Matter of Pease v Anchor Motor Frgt., 158 AD2d 820, 821 [1990], lv dismissed 76 NY2d 772 [1990]). "While the result [herein] appears to be contrary to [Workers' Compensation Law § 15 (6) (a),] which provides that compensation when combined with decreased earnings or earning capacity shall not exceed the wages the employee was receiving at the time of the accident, it is the result reached by using the formula set forth in [Workers' Compensation Law § 14 (3)] which has been considered a legislative mandate" (Matter of Stallone v Liebmann Breweries, 12 AD2d 716, 717 [1960], affd 10 NY2d 907 [1961]; see Matter of Batal v Mayersohn, 11 AD2d 857, 857 [1960]; Matter of Terry v City of Glens Falls, Election Bd., 2 AD2d 625, 625 [1956], lv denied 1 NY2d 644 [1956]).
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: At the hearing, the employer and the carrier asserted that, as concurrent employment had not been raised or established, claimant's average weekly wage could be calculated at $56.73 based upon claimant's actual earnings with the employer.